Wilson, P. J.
Plaintiff Collins instituted this suit to recover on an account for medical services claimed to have been rendered by him as a physician to defendant. It was not disputed that plaintiff was at the time of the rendition of the services a regularly licensed physician, having previous thereto re? eeived a certificate from the state board of medical examiners, issued upon a diploma from a legally chartered medical school in good standing, as required by law before a person was permitted to practice medicine in this state. Laws, 1885, p. 296, sec. 1; Mills’ Ann. Stats, sec. 8550. Nor was the rendition of the services denied, nor the value thereof *281 contested. The sole defense is that the plaintiff is not entitled to recover, because at the time when the services were rendered, the plaintiff had not filed his certificate from the state board for record in the office of the county clerk of the county of Gunnison, wherein the services were rendered, which the defendant claims was necessary before plaintiff was entitled to practice medicine. Gen. Stat. sec. 2624; Mills’ Ann. Stats, sec. 3554. This section reads as follows : “ Every person holding a certificate from the state board of medical examiners should have it recorded in the office of the clerk of the county in which he resides, and the record shall be indorsed thereon. Any person removing to another county to practice, shall procure an indorsement to that effect on the certificate from the county clerk, and shall record the certificate in like manner in the county to which he removes; and the holder of a certificate shall pay to the county clerk a fee of one dollar for making the record.”
It would be a sufficient answer to the contention of defendant to say that it does not appear from the record before us that the plaintiff resided in Gunnison county at the time when the services were rendered, nor in fact, in what county he resided. It will be observed that the section, if mandatory at all, is such only to the extent of requiring a record in the .county where the physician resides. Even conceding the contention of defendant with reference to the construction of the statute, a want of compliance with it would not appear simply from the fact that the certificate was not recorded in the county in which the services were rendered. It must further appear that the physician resided in that county at the time, and this was a matter of defense, if it could avail at all. The most strained construction of the statute would nowhere indicate an intent on the part of the legislature to require a physician, if called into a county other than that of his regular residence, to first file in such county and have recorded, his certificate or license, before he would be authorized to attend a case, or be permitted to recover for his services rendered. Such' a construction would be absurd.
*282 We do not believe, however, that the statute would bear the rigid construction which the defendant attempts to. place upon it. We think the legal principle involved has been practically decided by the supreme court of this state. Harding v. People, 10 Colo. 387. In that, the court considering an objection made as- to the regularity of the appointment and organization of the state board, said, “ It is enough that the board was de facto the state board of medical examiners, acting under the provisions of the statute, and, that its certificate would have protected defendant from, prosecution." (The italics are ours.) If it be true, therefore, that the mere possession of the certificate would have protected a party from prosecution for violation of the statute imposing a penalty for the practice of medicine without first complying with the provisions of the act in question (Gen. Stat. sec. 2628; Mills’ Ann. Stats, sec. 8558), it is obvious, according to defendant’s own reasoning, that he would equally be relieved from all civil disability to recover for the value of his services rendered under such circumstances. Again, the court said in considering the entire act that it was clearly the intention of the legislature to require any persons desiring to practice medicine to apply for and receive a certificate of their qualifications from the state board, before they were authorized to practice, and declared that this 'was “ the essential requirement of the statute,” and that all of its provisions were substantially to this end. In other words, if the physician had applied for and received from the board of medical examiners the necessary statutory certificate, he would thereby be relieved himself from the prohibition and -penalty of section 2628, Gen. Stats.
The plain wording of the statute itself is that the issuance of the certificate by the state board “ shall be conclusive as to the rights of the lawful holder of the same to practice medicine in this state.” The language is as strong as could well be used, and if the issuance of the certificate be conclusive, we do not see how we would be authorized to read into the law, as an additional necessary condition precedent to the'right to practice, some requirement with regard to the recording of the *283 certificate, and especially so, when the section, as in this case, does not specifically provide that the recording of the certificate shall be a condition precedent to the right. The recording of the certificate is probably a reasonable requirement, so that the public might have an, opportunity of ascertaining from an examination of the public records who were licensed to practice, and could also see whether the certificate was issued upon a diploma of a college, — and if so, of what college, — or upon examination, or by reason of practice for a term of years; but in the absence of a provision that this must be done before the holder of the certificate could practice, or could recover for services rendered, we feel that it would be an unwarranted construction to so hold. The party who employs a physician is not wronged nor imposed upon by the failure to file, if the physician holds the required certificate of qualifications.
The authorities cited by defendant in support of his position are not in point. So far as can be ascertained from the opinions in the cases, the statutes under consideration were essentially different from ours. In Texas the statute specifically imposed a penalty upon a person who should. engage in the practice of medicine without having first filed his certificate for record with the clerk of the district court in the county in which he resided or sojourned.
The New York statute appears to have been substantially the same, every person being expressly prohibited from practicing as a physician unless he had first obtained and filed a certificate. In the case cited, the party seeking to recover had done neither. Fox v. Dixon, 12 N. Y. Supp. 267.
In the California and North Carolina cases, the only question involved and passed upon was the right to recover when it appeared that the party claiming to have rendered the professional services, had not at that time received a license or certificate entitling him to practice. Roberts v. Levy, 31 Pac. Rep. ( Cal.) 570; Puckett v. Alexander, 102 N. C. 96.
The judgment will be affirmed.

Affirmed.