ADLER et al. v. SCHAUMBERGER.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. BROKERS—RIGHT TO COMMISSION—ILLEGAL ACT.
   A broker may not recover commissions, his services rendered being in violation of Pen. Code, § 640d, because he had no written authority to offer the property for sale.

2. APPEAL—AFFIRMANCE.
   A judgment for plaintiff for a nominal sum will be affirmed, he alone appealing, though it was for services illegally rendered, so that it would have been reversed had defendant appealed.

   MacLean, J., dissenting in part.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Arnold Adler and another against Charles Schaumberger. From a judgment for plaintiffs for a nominal sum, they appeal.   Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

J. D. Connolly, for appellants.
M. H. Curran, for respondent.

GILDERSLEEVE, J.   The action is for broker's commissions. The justice found on sufficient evidence that the services were illegally rendered, for the reason that plaintiffs had no written authority to offer the property for sale.   See Pen. Code, § 640d; Whiteley v. Terry (Sup.) 82 N. Y. Supp. 89.   Plaintiffs were not entitled to recover anything for such services, which were in themselves a violation of the law.   See Griffith v. Wells, 3 Denio, 226.   Nevertheless the justice gave judgment for plaintiffs in six cents damages and costs. Had the defendant appealed, the judgment would have been reversed. The plaintiffs have no cause for complaint, as they have obtained a more favorable judgment than, under the facts as found by the justice, they were entitled to have.

The judgment must be affirmed, with costs.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting).   "As it appears," reads the memorandum of decision of the trial justice, "that the plaintiffs were employed in the latter part of October, 1901, to sell the premises mentioned, on the sale of which a commission is claimed in this action," and "the

¶ 1. See Brokers, vol. 8, Cent. Dig. §§ 44, 79.

employment alleged was not in writing," the plaintiffs, in offering for sale the property of the defendant, were guilty of a misdemeanor (Laws 1901, p. 312, c. 128), and not entitled to recover (Fox v. Dixon [Sup.] 12 N. Y. Supp. 267, and Charles v. Arthur [decided at this term] 84 N. Y. Supp. 284). The judgment rendered in favor of the plaintiffs, even for nominal sum, with costs, was therefore improper. The complaint should have been dismissed, with judgment in favor of the defendant, with costs. Although the plaintiffs alone appeal, and are without cause for complaint, they should not benefit by an affirmance of a judgment palpably erroneous. The judgment should be reversed, and a new trial ordered.