### CHARLES v. ARTHUR et al.

#### (Supreme Court, Appellate Term. June 22, 1903.)

1. BROKERS—REAL ESTATE—SALE OR EXCHANGE—COMMISSIONS.

Where a broker sold or exchanged property belonging to a wife under a written authorization by the husband, in which he declared himself to be "the owner, or holder of a contract from the owner," though the agent became aware of the ownership before completion of the work, and there was some evidence of an oral authority from the wife to the husband, of which the broker had knowledge, he could not recover commissions under Laws 1901, p. 312, c. 128, declaring that "in cities of the first and second class, any person who shall offer for sale any real property without the written authority of the owner of such property, or of his attorney in fact, appointed in writing, or of a person who has made a written contract for the purchase of such property with the owner thereof, shall be guilty of a misdemeanor."

2. SAME—CONSTITUTIONAL LAW.

The act is not unconstitutional.

3. SUPREME COURT—PRECEDENTS.

Where the Appellate Division of one department of the Supreme Court has decided a law constitutional, that decision will be followed by the Appellate Term of that department, though the Appellate Division of another department may have decided the law unconstitutional.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Archibald Charles against Mary E. Arthur and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Lemuel J. Arthur, in pro. per.

Helen Arthur, for appellant Mary E. Arthur.

James C. Van Siclen, for respondent.

MacLEAN, J. The plaintiff sued to recover commissions from the defendants, husband and wife, for services rendered in effecting the sale and exchange of certain real property for a steamboat. The evidence disclosed a written authorization by the husband, in which he declared himself to be "the owner, or holder of a contract from the owner," the fact of ownership by the wife, and that this was discovered by the plaintiff prior to the completion of his work. The evidence was also sufficient, though disputed, for the jury to find an oral authority from the wife to the husband, and to the knowledge of the plaintiff, for the disposition of her property, but there is no evidence of such authorization in writing. The statute (Laws 1901, p. 312, c. 128) reads:

"In cities of the first and second class, any person who shall offer for sale any real property without the written authority of the owner of such property, or of his attorney in fact, appointed in writing, or of a person who has made a written contract for the purchase of such property with the owner thereof, shall be guilty of a misdemeanor."

With this the law, the plaintiff is not entitled to recover agreed commissions from either defendant, whatever cause of action otherwise he may have against the husband; for, not showing written

authority from the owner, or written authority to such owner's attorney in fact, he has not brought himself within the law.   Fox v. Dixon (Sup.) 12 N. Y. Supp. 267.   That the act in question is unconstitutional has been decided by the Appellate Division of the Second Department in the case of Grossman v. Caminez, 79 App. Div. 15, 79 N. Y. Supp. 900, but the same court in the First Department, after a consideration of that decision, has concluded "that the act is constitutional, and a reasonable exercise of police power."   Whiteley v. Terry (Sup. May, 1903) 82 N. Y. Supp. 89.   Following the court to which appeals from this tribunal go, the judgment must be reversed, and a new trial ordered, with costs to abide the event.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event.   All concur.