# Porter & Co. *v.* The State.

*Indictment for Violation of Revenue Law.*

1. *Revenue law; subdivision* 15 *of* § 494 *of Code, construed.* —Subdivision 15 of § 494 of the Code of 1876, defining certain occupations for the carrying on of which license is required, which reads as follows: "For dealers in pistols, bowie knives and dirk knives, whether the principal stock in trade or not, fifty dollars," when construed in connection with that section, was manifestly intended to impose a tax on each dealer in pistols, or in bowie knives, or in dirk knives, and not merely on a dealer in all of these articles.

2. *Same; want of license; on whom lies burden of proving.* —In a prosecution under this law, the State having proved the carrying on of a business which was unlawful without a license, it devolves on the defendants to show that they had taken out such license; and on their failure to do so, conviction is proper, though there is no affirmative proof on the part of the State that defendants had no license.

APPEAL from Mobile City Court.
Tried before Hon. O. J. SEMMES.

The indictment in this case charged that the appellants, Porter, and Jonathan and Millard Kirkbride, merchants, trading under the firm name and style of Ira W. Porter & Co., "carried on the business of dealers in pistols, bowie knives and dirk knives," at a certain place in the city of Mobile, without license and contrary to law, against the peace, &c.

The defendants pleaded not guilty, and a trial was had on an agreed statement of facts as follows: "Defendants are wholesale hardware merchants, carrying on business in the city and county of Mobile, at the place described in the indictment, and have kept on sale, within a year preceding the finding of the indictment, as one of the articles comprising their general stock of merchandise, a few pistols, and sold them within that time to their county customers, in connection with sales of general merchandise in their business, but have not kept for sale, or dealt in or sold, at any time, any bowie knives or dirk knives." This was all the

[Porter & Co. v. The State.]

evidence. On these facts the court charged the jury to find the defendants guilty, and "to return a verdict assessing the fine at one hundred and fifty dollars." The defendants excepted to this charge, and now assign it for error.

OVERALL & BESTOR, for appellants.—The language of the statute is, "for dealers in pistols, bowie knives *and* dirk knives," and it is for carrying on the business of selling *all three* of these articles that the license is required. Throughout the revenue law, the legislature used the word *or* and the word *and* with discrimination, and wherever a license is exacted of any one of several classes, or for dealing in certain things alone and not in connection with others, the word *or* is used. There is no room in this case for holding that *and* meant *or*.

Revenue statutes must be construed most favorably to the citizen.—10 Wendell, 186; 8 Georgia, 30; 1 Dev. & Battle, 218. Penal statutes must be strictly construed.—29 Ala. 81; 20 Ohio, 7; 8 Pickering, 370. This offense is not a common law offense. The statute creates its constituents and specially defines them. To uphold a conviction, the offense must be charged, in substance, in the language of the statutes, and the things forbidden by the statute, must be proved; not a part only of the things or acts necessary to constitute the offense.—44 Ala. 416. The agreed statement of facts says nothing about the taking out of a license. Could the court presume, in the absence of proof, that the defendants had no license? Under the indictment, it was incumbent on the State to show the want of license. This was affirmative matter to be shown by the State.

JOHN W. A. SANFORD, Attorney-General, *contra.*—The court charged the law correctly.—See paragraph 15 of § 494 of Code of 1876. There was no conflict in the evidence, which was clear and without dispute, and warranted the conviction.

BRICKELL, C. J.—It is true that it is often said, penal laws, and revenue laws, must be strictly construed; but the rule, rightly understood, does not compel an adherence to the mere letter, or to the strict grammatical construction of sentences, defeating the plain legislative intention. What may be the grammatical construction of the clause of the revenue law under which the indictment is found, we do not propose to discuss. Verbal and grammatical criticisms, afford but little aid in the construction of statutes, or of any written instrument; and their application generally would

[Robertson v. Robertson et al.]

defeat, rather than accomplish the legislative intention, or that of parties. The clause reads, "for dealers in pistols, bowie-knives and dirk-knives, whether the principal stock in trade or not, fifty dollars." It is a subdivision of § 494 of the Code of 1876, defining occupations, or pursuits, on which a tax is imposed, and for engaging in, or carrying on which a license is required. Throughout the whole section, it is clear, the intention of the legislature was to subject single particular occupations or pursuits, and not a combination of them, to a tax, and to a license. Generally, the intention is expressed by the use of the disjunctive *or*, as in the sixteenth subdivision, which reads, "for peddlers of medicines, or other articles of like character;" and as in the nineteenth subdivision, "for each exhibition of a menagerie or museum." When the subdivision now under consideration is read in connection with the whole section, it is impossible to resist the conclusion that the purpose was to impose a tax on each dealer in pistols, or in bowie-knives or in dirk-knives, and not only on a dealer in all of them.

2. The general rule is, that it is sufficient to prove so much of an indictment as shows that the defendant has committed a substantive offense therein specified.—*State v. Murphy*, 6 Ala. 846; *Mooney v. State*, 8 Ala. 328; *McElhaney v. State*, 24 Ala. 71. The agreed state of facts, admitting that the appellants had dealt in pistols, the burthen of proving that they had license was cast on them, and failing to make the proof, the charge given by the City Court was correct. The judgment is affirmed.