## Fox v. Dixon, Overseer.

(*Supreme Court, General Term, Third Department.* December 12, 1890.)

Physicians—Failure to Procure License—Action for Compensation.

Under Laws N. Y. 1880, c. 513, declaring any person who practices as a physician within the state, without obtaining and filing the certificate therein mentioned, guilty of a misdemeanor, no compensation can be recovered for services rendered by a physician practicing without such certificate, although the statute does not expressly forbid the recovery of such compensation.

Appeal from circuit court, Ulster county.

Action by Patrick Fox against Robert Dixon, as overseer of the poor of the town of Rosedale, for services rendered by one Dr. W. E. E. Little, a practicing physician, in attending as a physician on various persons at the request of defendant, the claim for which had been assigned by said Dr. Little to plaintiff. From a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals.

Argued before Learned, P. J., and Landon and Mayham, JJ.

*John E. Hardenberg,* for appellant.  *William Lounsbery,* for respondent.

Learned, P. J.  Chapter 513 of the Laws of 1880 forbade any physician to practice who had not obtained and filed the certificate therein mentioned; and it declares that it shall be a misdemeanor to practice without having obtained and filed this certificate. It is not disputed in this case that Little, the

plaintiff's assignee, and the physician, to recover payment for whose services this action is brought, and had not obtained or filed such certificate at the time when the services were rendered.  It is a settled principle that one cannot recover compensation for doing an act, to do which is forbidden by law, and is a misdemeanor.  The contrary rule would make an absurdity.  It would permit one to hire another to commit a misdemeanor, and would compel the payment of the contract price for doing what the law forbids.  Whether this statute is wise or not, we cannot examine.  It is enacted in the interest of the health of the public, to prevent incompetent persons from practicing as physicians.  We must give effect to it.  And we cannot permit a recovery of compensation for doing an act which this statute declares to be a misdemeanor.  *Oscanyan* v. *Arms Co.,* 103 U. S. 261.  It would seem that the attention of the learned justice who tried the case could not have been called to the statute; for he states that the inhibition had been removed by the legislature, and that now anybody can practice.  In saying this, he seems to have had reference to the law as it existed before the statute of 1880, above cited.  At any rate, it is not disputed that when Little performed these services the statute forbade him to practice.  As the defendant proved affirmatively that Little had no license, we need not inquire whether proof that a physician has a license is a necessary part of the plaintiff's case in an action for services.  The judgment must be reversed, and a new trial granted, costs to abide the event.

All concur.