# Edisto Phosphate Co. v. Standford *et. al.*

## *Action on Promissory Note.*

1. *Action on note for commercial fertilizer; burden of proof.*—In an action on a promissory note given for the purchase price of commercial fertilizer, where the defendant pleads an illegal consideration for the note, in that plaintiff did not have a license authorizing the sale, the burden of proof is on the plaintiff to show that he had a license.

2. *Same; proof of issuance of license.*—In an action on a note given for the price of commercial fertilizer, where the pleadings raise the issue as to whether the plaintiff had a license to sell fertilizers as required by statute (Code of 1886, §§ 139, 140), a bulletin from the Agricultural Experiment Station, containing a printed list of licenses issued during the year said sale was made, and stating that a license had been issued to plaintiff for that year, is not competent evidence of the fact of the issuance of the license to plaintiff, and is inadmissible as proof of that fact.

3. *Exclusion of illegal evidence; proper at any time of the trial.*— Illegal evidence may be excluded from the jury at any stage of the trial; and after all the evidence has been introduced, it is proper, on motion, then made, to exclude illegal evidence though it had been introduced without objection.

4. *Secondary evidence; proof of a license.*—In an action on a promissory note given for the price of commercial fertilizer where the material issue raised by the pleading is whether the plaintiff had a license to sell fertilizer, an officer of the plaintiff corporation, who never saw the license claimed to have been issued to plaintiff, and which he testified was lost, is not a competent witness to prove the fact of the issuance of the license and its contents.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by the appellant against the appellees, and counted upon a promissory note, which was given by the defendants for the price of fertilizer purchased from the plaintiff.

The only rulings of the court which are reviewed on the present appeal, are sufficiently shown in the opinion. The appeal is taken from a judgment in favor of the defendants.

[Edisto Phosphate Co. v. Stanford *et al.*]

P. C. MASSIE, for appellant.

McCLELLAN & McCLELLAN, *contra.*

HARALSON, J.—Among the pleas filed by the defendants, upon which the plaintiff took issue, and on which the case was tried, was the 5th, which reads: "That the consideration of the obligation sued on was and is illegal in this, that the plaintiff did not have a license from the Commissioner of Agriculture to make sale of the fertilizer for which the obligation sued on was given." A demurrer to this plea was overruled, the correctness of which ruling is not questioned on assignment of error. The burden of proving, under this plea, that the plaintiff had a license to make sales of the fertilizer was on the plaintiff.—*Rogers v. Brooks,* 105 Ala. 549, and authorities there cited; 1 Greenl. Ev., § 79.

The plaintiff assumed this burden and offered secondary evidence in the shape of a bulletin or pamphlet from the Agricultural Experiment Station, Agricultural & Mechanical College of Alabama, which bulletin contained a printed list of the licenses issued during the year 1892 by the Commissioner of Agriculture of the State, and among the number of persons there given as having obtained such licenses, was the plaintiff company, of Charleston, S. C., to which it was stated, a license numbered 127 was issued on the 2d of January, 1892. The part of the pamphlet having reference to the license was offered by the plaintiff to prove the license. The counsel for defendant examined it, and said: "It seems to be all right and in shape, and is proper proof of license." Thereupon the part of the bulletin referred to was read in evidence. At the conclusion of the sitting of the court for the day, the trial still pending, in answer to an inquiry of the court, as to the state of the trial, the plaintiff's counsel stated that he was ready to close the evidence, and the counsel for the defendant said that he had all his evidence in, but did not desire to close, as there were some matters he might want to bring up the next morning. At the opening of the court next morning the counsel for the defendants moved the court to strike out and exclude the proof of license offered by plaintiff and admitted during the earlier part of the trial. The plaintiff objected on the ground, "that de-

[Edisto Phosphate Co. v. Stanford *et al.*]

fendants' counsel had formally admitted that the proof offered of license was sufficient, and that it was too late to ask that it be excluded." The court granted the motion against the objection of the plaintiff, and it excepted.

"The plaintiff then offered to prove by George H. Tucker, an officer of plaintiff corporation, who was present, that the license issued to plaintiff by the Commissioner of Agriculture of the State of Alabama to do business in the State of Alabama as a dealer in fertilizers during the year 1892, had been destroyed or lost, and to prove by the same witness the contents of such license, and the fact that it had been issued to plaintiff by such commissioner on January 2d, 1892." The witness testified, however, that he had never seen the license. The court refused to allow the plaintiff to make this proof by said witness. There is no statement that it was offered to be otherwise proved, and the bill of exceptions purports to set out all the evidence. The court, at the request of defendants in writing, gave the general charge in their favor.

The license itself was the best evidence of its having been issued, and if the original was lost or destroyed, on proof of the ·fact, a copy·was the next best evidence. The bulletin offered in evidence was not admissible to prove the license, even if the original had been shown to be lost or destroyed. It was illegal evidence, and it is well settled that the court may exclude illegal testimony at any stage of the trial.—*Toliver v. The State*, 94 Ala. 112. There was no error in the exclusion of the bulletin as proof of license. If the plaintiff was put to disadvantage by the ruling, owing to the introduction without objection, of said paper in evidence, in the early stages of the trial, on a showing to that effect, and an application to. have the cause continued or laid over for the time, to supply its proof, it must be presumed the court would have adapted its discretion to what appeared to be right and just in the premises. But no application of the kind was made. The plaintiff accepted the situation, and offered to prove a copy of the license by a witness who swore he never saw it. There was no error in refusing to allow a witness to make proof of a fact, of the existence of which he swore he was ignorant.—*Jacques v. Horton*, 86 Ala. 239; *Moore v. Penn*, 95 Ala. 204; *Elyton Land Co. v. Denny*, 108 Ala. 553.

The plaintiff failed to prove the license, without which, under the pleading, it could not recover, and there was no error, therefore, in the general charge given for defendants.

Affirmed.