# Brown & Oakley *v.* The Raisin Fertilizer Company.

*Action on Promissory Note for Fertilizers.*

1. *Sale of fertilizer; when void.*—Where there has been a purchase and sale of commercial fertilizer, and up to and after the time the sale was fully completed and consummated by delivery to the purchaser, all the terms of the sale having been previously agreed upon and complied with, the fertilizer had not been tagged as required by statute, and no agreement expressed or implied, existed between the parties whereby the purchasers were to attach to the packages tags supplied to them at the time of the sale by the sellers, the transaction is clearly within the rule of invalidity established by the statute as heretofore construed. Code, § 386.

2. *Burden of proof of license to sell is on the seller.*—The burden to prove that the plaintiff has license to sell fertilizers at the time he makes such sale, is cast on the plaintiff when the defendant makes the issue by plea.

APPEAL from Henry Circuit Court.

Tried before Hon. J. C. RICHARDSON.

Action by The Raisin Fertilizer Company, a corporation, against Brown & Oakley on a promissory note executed by the latter to the former for fertilizers. The defendants by pleas set up that the fertilizers for which

the note was given were not tagged before the sale, as required by the statute; and also that the plaintiffs had no license to sell commercial fertilizers.

W. W. SANDERS, for appellant.

B. F. REID, contra.
No briefs came to the reporter.

McCLELLAN, C. J.—It is clear beyond adverse inference that up to and after the time the sale of the commercial fertilizer to Brown & Oakley was fully completed and consummated by delivery to them, all the terms of the sale having been previously agreed upon and complied with, the fertilizer had not been tagged as required by our statute, and no agreement, expressed or implied, existed between the parties whereby the purchasers were to, attach to the packages tags supplied to them at the time of the sale by the sellers. The transaction is, therefore, not brought within the saving principle declared in the case of *Steiner & Sons v. Ray et al.,* (84 Ala. 93), but is clearly within the rule of invalidity established by the statute, (Code, § 386), as construed and enforced by this court.—*Brown & Co. v. Adair & McCarty Bros.,* 104 Ala. 652; *Kirby v. Fertilizer & Milling Co.,* 105 Ala. 529.

The defendants also pleaded that the plaintiff company did not have a license to sell fertilizers at the time of the alleged sale to them. Issue was taken on this plea. The burden was thus cast on the plaintiff to prove that it had the license required by section 379 of the Code.—*Edisto Phosphate Co. v. Sandford,* 112 Ala. 493. No evidence was offered on this issue, and the plaintiff must be held to have failed to make out its case.

It follows that on both the points to which we have adverted the defendants were entitled to the affirmative charge; and that the court erred in charging affirmatively for the plaintiff, and in refusing to so charge for the defendants.

Reversed and remanded.