# Sunflower Lumber Co. *v.* Turner Supply Company.

### *Assumpsit.*

(Decided Jan. 21, 1909. 48 South. 510.)

1. *Statutes; Construction; Intent.*—The legislative intent must be ascertained, and, when ascertained, must control in determining whether a contract is prohibited by a statute.

2. *Contracts; Legality; Violation of Statute.*—If the conditions are made for the benefit of the public, agreements made in the course of business are void, where the statutory conditions for the conduct of a business or profession are not complied with; but, if the conditions are for administrative purposes, such as revenue, the agreement is valid, if no specific penalty is imposed.

3. *Same; License Required; Validity.*—A contract made by one not having a license, in a business on which a license is imposed by statute, is not invalid, unless the statute expressly prohibits such business without a license, or vitiates all contracts made by the unlicensed person or corporation.

4. *Licenses; Validity of Contract; Violation of Statute.*—A contract made by a corporation doing business for which a license is required, without having procured a license, is not invalid, since neither of sections 2401 or 7712, Code 1907, specifically declare that such contract is void. This conclusion is re-inforced by the provisions of 5764, Code 1907.

[Sunflower Lumber Co. v. Turner Supply Company.]

5. *Pleading; Demurrer; Sufficiency of Grounds.*—Section 5340, Code 1907, requires objection to pleadings to be distinctly stated in the demurrer, and a demurrer alleging that a plea is bad on the ground that the failure to pay the tax did not make the sale in which the note was given, invalid, is not well taken, because it did not sufficiently point out the defect in the plea, which alleged that plaintiff was a domestic corporation and had not taken out a license when the contract was made; although the plea was bad because it did not allege that the contract sued on was specially prohibited by law or was made unenforceable by the statute requiring a license.

6. *Same; Amendment; Departure.*—Contracts of the character in the cause at bar made by an unlicensed corporation not being invalid under the statute, a plea alleging that plaintiff is a domestic corporation and that at the time the notes sued on were executed did not have a license to do business, could not be so amended as to make it a good defense without an entire departure from the original defense set up therein; hence, although the demurrer thereto did not sufficiently point out the defects therein, the sustaining of the demurrer is not prejudicial.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by the Turner Supply Company against the Sunflower Lumber Company, a partnership. From a judgment for plaintiff, defendant appeals. Affirmed.

The action was on a promisory note made on the 23d day of November, 1907, and payable 60 days after date. The special plea filed is as follows: "That the plaintiff during the years 1907-08 was and is a corporation organized under the general laws of the state of Alabama, and during none of said time has it had a license from the State of Alabama to do business in the state, and the contract sued on in said court is a contract made and to be performed entirely within the state of Alabama. During all of the time mentioned above the plaintiff has been doing business in this state. Said business is, and during all of said time has been, that of a sawmill and railway supply business, and the contract sued on was made in the course of such business." The demurrer interposed to the plea is as follows: "The plea shows that the plaintiff is a corporation organized under the laws of the state of Alabama, and shows that the alleged

failure of the plaintiff to pay the license tax required by the laws of Alabama did not make void the sale to the defendant of the goods described in the plea as sold by the plaintiff to defendant during the time it is alleged plaintiff had not paid the license tax required by the laws of the state to be paid by it for doing business as a corporation for the period covered by the sale of some of said business." This demurrer was sustained.

R. H. & R. M. SMITH, for appellant. The demurrer was unintelligent. They should be intelligent.—*Birmingham Ry. etc., v. Lee,* 45 So 292. The demurrer was too general. Under the statute, the demurrer must point out the defect.—Code of 1907, Section 5340; *Turner Coal Co. v. Glover,* 101 Ala. 290; *Milligan v. Pollard,* 20 So. Rep. *Shahan v. A. G. S. R. R. Co.,* 22 So. Rep. *Sledge v. Swift,* 53 Ala. 110; *Cotten v. Rutledge,* 33 Ala. 110. The Supreme Court will look only to the particular ground assigned in the court below. If it would look to a ground *not* assigned, it would thereby abrogate the statute, since the assignment of no ground at all is worse than the assignment of a general ground.—*Broslin v. K. C. etc., Ry. Co.,* 114 Ala. 398, 21 So. 475. When a court declares that a thing cannot be done, it is not necessary to ask permission to do it. The refusal of the request is preordained.—*Brown v. State,* 109 Ala. 70. The license statutes involved are as follows: Code of 1907, sections 2091, 2117, 2361, 2401, 2402, 7712, 7634. When the legislature has made it a crime to engage in a business without having first taken out the license, contracts made by the unlicensed person are absolutely void. "The contrary rule would make an absurdity."—*Fox v. Dixon,* 12 N. Y. Supplement, 267. Three rules laid down by the authorities: 1st. Immaterial whether act penalized is malum in se or malum prohibitum. 2nd.

13—8

"Where the statute expressly provides that a violation thereof shall be a misdemeanor, it would seem clear that it was the intention of the legislature to render illegal contracts violating such statute." 3rd. When the penalty is a mere civil one, the authorities are in conflict.—15 Amer. & Eng. Enc. Law (2nd Ed.) pages 928 et seq. That the second rule is true in this state, see *Youngblood v. Birmingham etc.,* 95 Ala. 521; *Moog v. Espalla,* 93 Ala. 503. That the mere fact that the penalty is imposed for the purpose of raising revenue, is immaterial, where the criminal statute exists.—*Western Union Tel. Co. v. Young,* 138 Ala. 243; *Western Union Tel. Co. v. Waters,* 139 Ala. 656. Where there is nothing in the statutes declaring that the contracts are valid, when in contravention of the statutes, they must be held to be void.—*Miller v. Ammon,* 145 U. S. 426-7; *Bank v. Owen,* 2 Peters (U. S.) 536. No mere formal rule of pleading or of law can prevent the filing of the plea.—*Alabama Ins. Co. v. Mobile Ins. Co.,* 81 Ala. 334. The burden is on the plaintiff to show its license.—*Edisto v. Standford,* 112 Ala. 493. The license is the best evidence.—*Edisto v. Standford,* 112 Ala. 493; *Rogers v. Brooks,* 105 Ala. 549. In issuing the license, the probate judge acts ministerially.—*Russell v. State,* 77 Ala. 89; *Harlan v. State,* 136 Ala. 150.

CHARLES L. BROMBERG, for appellee. Counsel discuss assignments of error, but without citation of authority.

ANDERSON, J.—In determining whether an agreement is prohibited by statute, the intention of the Legislature must be ascertained and must govern. "When conditions prescribed for the conduct of a business, trade or profession are not complied with, agreements in the course of such business, trade, or profession are (1)

void, if the condition is for the benefit of the public, as for the maintenance of public order or safety, or the protection of persons dealing with those upon whom it is imposed; (2) valid, if no specific penalty is attached to the specific transaction, and the condition is imposed simply for administrative purposes, such as the protection or convenient collection of the revenue." Clark on Contracts, 385. The rule as to the rights of unlicensed or unauthorized persons to recover on contracts, stated in 25 Cyc. p. 633, is as follows: "The rule is that, when a statute imposes a penalty for engaging in a given business or calling without a license, a contract made by one who has no license is not invalid, the penalty attaching to the person and not affecting the contract; but the rule is otherwise where the statute expressly prohibits such business or calling without license, or expressly vitiates all contracts made by an unlicensed person while engaged therein." It was said by Baron Parke in the case of *Smith v. Mawhood,* 14 Mees. & W. 452 (English), in discussing the right to enforce a contract of sale made by one who had not taken out a license: "I think the object of the legislation was not to prohibit a contract of sale by dealers who have not taken out a license pursuant to the act of Parliament. If it was, they certainly could not recover, although the prohibition were merely for revenue. But its objection was not to vitiate the contract itself, but only to impose a penalty on the party offending, for the purposes of revenue." The Massachusetts court, in the case of *Larned v. Andrews,* 106 Mass. 435, 8 Am. Rep. 346, in considering a sale made by one who had no revenue license, where it was made a violation of the law to carry on business without same, said: "It is to be observed that the act does not expressly declare that sales by a wholesale dealer who neglects to pay the tax shall be illegal. The tax is not laid upon

[Sunflower Lumber Co. v. Turner Supply Company.]

each sale, but upon the business or calling. The illegality does not attach to the sale, but consists in not paying the tax imposed upon the business." The court enforced the contract and quoted from the English case, supra. The New Jersey court, in the case of *Ruckman v. Bergholz*, 37 N. J. Law, 440, in discussing the right to enforce a contract of sale made by a party who had no license as required by law, which provided a penalty, said: "The question in such case is whether the statute was intended as a protection, or merely as a fiscal expedient; whether the Legislature intended to prohibit the act unless done by a qualified person, or merely that every person who did it should pay a license fee. If the latter, the act is not illegal." In the case of *Aiken v. Baisdell*, 41 Vt. 655, the court upheld the contract, notstanding the seller had no license and that the law fixed a penalty for doing business without same, basing its conclusion upon the fact that the revenue law was not intended to make any kind of business illegal or to prohibit it. "The purpose was not to diminish, restrain, control, or regulate the business. The transaction of all kinds of business was just as legal after the passage of the law as before. The law is strictly a revenue law, the sole object being to get money into the treasury, and that is accomplished by requiring all persons that engage in certain kinds of business to contribute a certain amount towards paying the liabilities of the government. Its object is to raise money, and not to regulate the business of the country. If a man engage in the kind of business referred to, he is engaged in a legal business, whether he has a license or not. If he has no license, he has no legal right to do it, and subjects himself to the penalty. The law, we think, was intended to operate upon the person, and not upon the business. If the object of the law had been to prohibit certain

kinds of business, or to regulate it, with a view to its effect upon public morals or public security by limiting it in its extent, or the place where it is to be carried on or the person who shall conduct it,or otherwise, in all such cases the law operates upon the business as well as the person. Revenue mainly in such cases is not the object. It is only incidental, or the means by which the law regulates and controls the business. The act in question imposes no restriction upon the business. All are at liberty to engage therein where, and when, and to any extent they choose, upon paying for the license."

Subdivision 26 of section 2361 of the Code of 1907, requiring a license of all domestic corporations, is a part of the general revenue law, and is intended solely to raise revenue, and not to restrain or regulate business. Section 7712 provides a penalty for doing business without a license. But neither section prohibits doing business, and it is merely penalized under certain conditions. Section 2401 does not make any specific act a violation of the law, but makes it so only in case it is done without a license. The business is lawful, but the failure to procure the license before doing the act is what the law intends to penalize. The section is intended merely to define the doing of business as mentioned in section 2361. This law being a mere fiscal expedient, and not intended as a regulation or protection for the benefit of the public, and there being no statute invalidating contracts made by unlicensed corporations, they should be enforced, unless there was a clear legislative intent to prohibit the thing itself, rather than to merely punish for engaging in business without the license. We are not willing to impugn the motives of the lawmakers by charging them with an intention to encourage bad faith on the part of debtors by permitting them to avoid honest obligations, because of the noncompliance with

the revenue law of the party from whom they obtained in good faith money, goods, or other things of value. Indeed, we are fortified in these views by legislative action, which of itself indicates that the lawmakers did not intend to strike down all contracts made with parties who had no license. For instance, we find that the Legislature has enacted separate statutes striking down contracts made by certain dealers who had no license and who are enumerated in the general revenue law. See section 5764 of the Code of 1907. If, therefore, it had been the legislative intent that all contracts make by all dealers required to have a license, and who had none, should be void, it was necessary to have enacted subsequent statutes invalidating contracts made by certain ones who had no license, or prohibiting a recovery upon same.

The foregoing views are not in conflict with former decisions of this court, as they related to contracts specially prohibited by law, or the enforcement of which was specifically prohibited, or the making of which violated a law, not enacted for revenue purposes only, but for regulation and protection. We shall not attempt to differentiate them all in detail, but will discuss some of the leading cases, and especially those cited in brief of counsel for appellant. In the case of *Western Union Co. v. Young,* 138 Ala. 243, 36 South. 374, the act of Congress made the specific thing for which the defendant was sued for not doing a violation of the law. The statute considered in the *Youngblood Case,* 95 Ala. 523, 12 South. 579, 20 L. R. A. 58, 36 Am. St. Rep. 245, was one for regulation or protection, and made the very act done a violation of law. The *Moog Case,* 93 Ala. 503, 9 South. 596, involved a sale of liquor without a license, and the statute expressly prohibited a recovery for such sales.—Code 1907, § 5764, bein section 1323 of the Code

of 1886, the one in force when said decision was rendered. The contract in the case of *Woods & Co. v. Armstrong,* 54 Ala. 150, 25 Am. Rep. 671, was made in selling fertilizers in violation of a statute "to protect the planters of the state from imposition in the sale of fertilizers," and was therefore one for protection instead of one for revenue only. The case of *Fox v. Dixon,* 58 Hun. 605, 12 N. Y. Supp. 267, was a suit by an unlicensed physician to recover for medical services. The court denied a recovery upon the express grounds that a statute had been violated, which had been "enacted in the interest of the health of the public, to prohibit incompetent persons, from practicing as physicians."

The special plea was bad, in that it did not aver that the contract sued upon was specially prohibited by law, or was made nonenforceable by the statute, or that entering into same amounted to the violation of any law other than one enacted solely for revenue. The demurrer, however, did not point out the defect or comply with the requirements of Code 1907, § 5340, and the trial court erred in sustaining same.—*Turner Coal Co. v. Glover,* 101 Ala. 290, 13 South. 478; *Broslin v. K. C. M. & B. R. R. Co.,* 114 Ala. 398, 21 South. 475. It plainly appears, however, that this plea could not be amended, so as to make it a good plea, without departing entirely from the defense therein attempted, and the technical error of the court in sustaining a demurrer on general or inapt grounds was without legal injury to the defendant.—*Ryall v. Allen,* 143 Ala. 222, 38 South. 851.

The judgment of the law and equity court is affirmed. Affirmed.

Tyson, C. J., and Simpson and Denson, JJ., concur.