(87 South. 846)
**MORGAN v. WHATLEY & WHATLEY et al.**
(6 Div. 914.)

(Supreme Court of Alabama. Dec. 2, 1920. Rehearing Denied Jan. 6, 1921.)

1. **Brokers ☞81—Two brokerage firms jointly employed held properly joined in suit for commission.**

Where two brokerage firms were jointly employed by both parties to effect a real estate trade, they were properly joined as plaintiffs in a suit for commission.

2. **Brokers ☞61(3)—Owner's inability to procure wife's deed will not defeat broker's compensation.**

Defendant having undertaken with plaintiff broker that he would be able and ready to make an exchange if the other party could convey a good title, his inability to procure his wife's signature, which was necessary, cannot avail to defeat the broker's claim for compensation.

3. **Brokers ☞80—Purchaser's not being bound in writing where not taking advantage of statute of frauds no defense to action for commission.**

That a purchaser has not become bound in writing so as to exclude the operation of the statute of frauds is no defense to the broker's action for a commission so long as the purchaser takes no advantage of the statute.

4. **Brokers ☞80—In broker's action for commission, defendant held to have waived all objections except the one assigned.**

In an action for commission for exchanging property where the undisputed evidence showed that defendant's only assigned reason was inability to procure his wife's execution of the deed, he must be *held* to have waived all other objections.

5. **Brokers ☞87—Defendant held liable to plaintiff broker for causing loss of commission to be paid by other party.**

Where an owner agreeing to an exchange of property knew that his broker in addition to the commission he was to pay was also to receive a commission from the other party, such commission was a proper element of damages recoverable for owner's refusal to execute his agreement.

6. **Brokers ☞87—Not necessary to hold defaulting party liable for broker's commission from other party that he knew the amount thereof.**

Where defendant owner breached his contract for an exchange of property knowing his broker was to receive a commission from the other party, it was not necessary that defendant know the exact or approximate amount thereof to make him liable therefor.

7. **Pleading ☞193(8)—In an action for commission against a party breaching a contract for an exchange counts insufficient as to item of damage not demurrable.**

In a broker's action for commission against a party breaching an exchange agreement, the fact that several counts in the complaint do not contain allegations necessary to show that the commission due plaintiff from the other party is a proper item of damage does not render the counts demurrable.

8. **Brokers ☞42—Failure to secure license held not to defeat recovery of a commission.**

Though real estate brokers carrying on business without license required by Revenue Act 1915 would subject them to a criminal penalty, that does not invalidate their acts done or prevent their recovery of a commission for exchange of properties.

9. **Licenses ☞39—Where for revenue only, violation of law does not render contracts void unless expressly prohibited by statute.**

Where the requirement of a license is for revenue only and not for police protection, the penalty for operating or acting without a license is visited upon the person and not upon the business, and contracts made in carrying on the business are not *held* void unless the statute expressly prohibits or vitiates them.

Somerville and Brown, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by Whatley & Whatley, a partnership, composed of G. C. and F. C. Whatley,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and S. P. Spurgeon, against W. B. Morgan, for commission on the sale or exchange of real estate. Judgment for plaintiffs, and defendant appeals. Affirmed.

An exchange of lots between W. B. Morgan and T. G. Berentz was arranged through the agency of Whatley & Whatley, with knowledge both of Morgan and Berentz that Whatley & Whatley were acting for each in the matter. The agreement was perfected and signed by both Berentz and Morgan, and Berentz was ready, willing, and able to carry out his part of the trade, but Morgan failed or refused to perform his part. One of the pleas was that the plaintiffs had not procured the state license required before being permitted to engage in the real estate business.

George Bondurant, of Birmingham, for appellant.

Court erred in rendering judgment against the defendant and in overruling his motion for a new trial.

(1) The damages were speculative and conjectural, and not within the contemplation of the parties. 13 Cyc. 179; 78 Ala. 24; 167 Ala. 431, 52 South. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; 158 Ala. 149, 48 South. 548; 105 Ala. 493, 17 South. 32, 53 Am. St. Rep. 139; 138 Ala. 372, 35 South. 409; 177 Ala. 658, 59 South. 286.

(2) Because the plaintiffs were working for both parties, without their knowledge or consent. Authorities supra, and 9 Colo. App. 58, 47 Pac. 405; 62 N. W. 199; 142 Pa. 25, 21 Atl. 793, 12 L. R. A. 395; 117 Mich. 277, 75 N. W. 612, 45 L. R. A. 33; 202 Ala. 549, 81 South. 51.

(3) Because the brokers were without state license. Acts 1905, pp. 522, 527, 529; 112 Ala. 493, 20 South. 613; 105 Ala. 549, 17 South. 97; 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52; 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20; 138 Ala. 243, 36 South. 374; 95 Ala. 521, 12 South. 579, 20 L. R. A. 58, 36 Am. St. Rep. 245; 93 Ala. 503, 9 South. 596; 7 Ala. App. 358, 62 South. 255; 145 U. S. 426, 12 Sup. Ct. 884, 36 L. Ed. 759.

(4) The contract, not having been signed by Barentz, was void under the statute of frauds. Section 4289, 4292, and 4299, Code 1907, and authorities there cited.

J. L. Drennen and N. L. Steele, both of Birmingham, for appellees.

Demurrer is not the proper way to question the recoverability of damages. 196 Ala. 4, 71 South. 183; 151 Ala. 413, 44 South. 212. In any event the complaint authorized the recovery of special damages. 62 South. 359. The recovery of the $700 due from Barentz was proper. 11 Ala. App. 321, 66 South. 831; 4 Ala. App. 580, 58 South. 931; 19 Cyc. 194, 242, 247, and 265; 86 Ala. 151, 5 South. 157; 114 N. C. 597, 19 S. E. 628. Both Morgan and Barentz knew that plaintiffs were representing the others. 13 Ala. App. 435, 68 South. 794; 163 Ala. 511, 50 South. 917. The fact that plaintiffs did not have a license might subject them to a penalty, but would not avoid the contract. 158 Ala. 191, 48 South. 510. 132 Am. St. Rep. 20. There is no merit in the plea of the statute of frauds. 155 Ala. 625, 47 South. 103; 131 Ill. 126, 23 N. E. 401; 19 Cyc. 255.

SOMERVILLE, J. [1] The evidence on the main issues of fact in this case is in sharp dispute, but we think the trial court was warranted in finding: (1) That though Whatley & Whatley primarily represented the defendant Morgan, and Spurgeon primarily represented the other trader, Berentz, yet both firms of brokers were jointly employed by both parties to effect the real estate trade proposed by Morgan; and hence the Whatleys and Spurgeon are properly joined as parties plaintiff. (2) That each party knew that his own broker was acting in this matter in a dual capacity, and would receive a part of his compensation from the other party. (3) That under this employment plaintiffs were not bound to procure Berentz's signature to the written proposal submitted by Morgan, but only to procure his agreement thereto, and his offer to execute it. (4) That they in fact procured his agreement, and tendered to Morgan a duly executed deed from Berentz to the property to be exchanged by him, the title to which was good and merchantable, and the incumbrances as stipulated. (5) That nothing remained to be done in completion of the trade except the tender of a deed by Morgan conveying a good title to his property to Berentz. (6) That Morgan failed to tender such a conveyance, and his failure was due solely to his wife's refusal to sign the deed.

[2] Under these findings of fact plaintiffs were clearly entitled to recover the $200 commission which Morgan agreed to pay as his part, and also the $700 to be received by plaintiffs from Berentz as his part, provided the latter item was within the contemplation of the parties (Morgan and these plaintiffs) at the time of the employment, as an element of damage in case of Morgan's breach of his contract to exchange. B'ham. Land, etc., Co. v. Thompson, 86 Ala. 146, 5 South. 473; Sayre v. Wilson, 86 Ala. 151, 5 South. 157; Handley v. Shaffer, 177 Ala. 636, 59 South. 286. It was Morgan's duty to tender a sufficient deed, and his undertaking with his brokers was that he would be able and ready to do so; and if, to the conveyance of a good title to Berentz, the execution of the deed by Morgan's wife was necessary, he was bound to procure it. It follows, of course, that the abandonment of the trade, whether by both or by either of the parties, because of Morgan's inability to pro-

cure his wife's signature and deliver a sufficient deed, cannot avail to defeat the brokers' claim for compensation; they having done all that devolved upon them, and all that they could do in the premises. Cofield v. McGraw, 16 Ala. App. 369, 77 South. 981; Hamlin v. Schulte, 34 Minn. 534, 27 N. W. 301; 9 Corp. Jur. 626, § 103, and cases cited in note 78; B'ham. Land, etc., Co. v. Thompson, 86 Ala. 146, 5 South. 473.

[3] It is to be noted, also, that the fact that the purchaser has not become bound in writing, so as to exclude the operation of the statute of frauds, is no defense to an action by the brokers for compensation, so long as the purchaser takes no advantage of the statute. Sayre v. Wilson, 86 Ala. 151, 5 South. 157; 19 Cyc. 255, 256.

[4] Moreover, in the instant case, the undisputed evidence is that Morgan's only assigned reason for not carrying out the trade was his inability to procure his wife's execution of the deed—a waiver of other objections, if any he had.

[5] The principal question of merit in the case arises upon the propriety of the judgment in its inclusion of the fee of $700, due to the brokers from the other party, Berentz, as an element of recoverable damage. If Morgan was informed and understood that the brokers, besides the commission of $200 which he himself was to pay them, were to receive the rest of their compensation from Berentz, and knew also that his own failure to execute his agreement to make the exchange with Berentz would prevent the brokers from earning their commission from Berentz and cause them a loss to that extent, then, under all the authorities, Morgan would be liable to his brokers for that loss. The general rule is stated and discussed in Bixby-T. Lumber Co. v. Evans, 167 Ala. 431, 52 South. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; and see, also, 8 R. C. L. 459, §§ 27, 28.

In the authority last cited it is said:

"The requirement that, in order to charge with liability under special circumstances, the party sought to be charged shall have had notice of such circumstances, should receive reasonable interpretation with reference to the subject to which such notice is applied. As a general rule, knowledge of the special circumstances must be brought clearly home to him at the time the contract is made, in such a way that he must know that the person with whom he is contracting reasonably believes that he accepts the contract with the special condition. It is not required that he must have exact knowledge or information in detail as to just what loss will result; nor is it always essential that such special conditions be mentioned in the negotiations or included in the contract in express terms. It is sufficient if they are known to the parties or are of such character that they may be fairly supposed to have been in contemplation in the making of the contract." 8 R. C. L. 461, § 28.

Although the evidence was in dispute, and the burden was on plaintiffs to show notice to defendant of the special circumstances under which they undertook to make the exchange of properties, the decided weight of the evidence shows such notice and understanding; and in a number of cases, substantially identical with the instant case, it has been held that loss of commissions to be paid by the other party, by reason of the principal's default in carrying out his agreement to sell or exchange, became a recoverable element of damage in a suit by the broker against his defaulting principal.

The case of Eells Bros. v. Parsons, 132 Iowa, 543, 109 N. W. 1098, 11 Ann. Cas. 475, is well considered, and, we think, decisive of the question. The court there said:

"The action is for breach of defendant's contract, and not for the commissions from the landowner. To the latter, plaintiff was not entitled, for the reason that, through defendant's fault, as it alleged, it had not earned them. * * * If plaintiff were attempting to recover a commission for the sale of the land he should be defeated, for defendant never promised him this. What he (defendant) did agree to do was to purchase the land which suited him, thus enabling plaintiff to earn its commission. The parties understood when they made the contract what plaintiff's damages would be in the event defendant failed to perform it. In other words, loss of plaintiff's commission was within the contemplation of the parties in the event of defendant's failure to perform. * * * Plaintiff is suing for breach of a contract made between it and defendant, and not upon the commission contract made with the land company. It has, as we have already said, not earned these commissions, and was prevented from doing so by defendant's failure, without excuse, to keep and perform his engagement with plaintiff. There are several cases from other jurisdictions which sustain plaintiff's right to recover. See Livermore v. Crane, 26 Wash. 529, 67 Pac. 221, 57 L. R. A. 401; Bishops v. Averill, 17 Wash. 209, 49 Pac. 237, 50 Pac. 1024; Cavender v. Woddingham, 2 Mo. App. 551; Atkinson v. Pack, 114 N. C. 597, 19 S. E. 628."

It is to be noted that, in the instant case, defendant's promise to plaintiffs was to convey his property to Berentz, if plaintiffs would induce Berentz to convey his property to defendant. This is the promise for the breach of which this action is brought.

[6] It is the contention of defendant that this principle of liability cannot be applied to him in this case because it does not appear that he was informed of the exact or the approximate amount of the compensation to be received by plaintiffs from Berentz. But such exact knowledge is not necessary. Kelley & Co. v. La Crosse, etc., Co., 120 Wis. 84, 97 N. W. 674, 102 Am. St. Rep. 971, 979. It is enough that he knew that the greater part of the commission was to be gotten from Berentz, and he was charged

with notice that its amount would be based upon the customary and usual percentage of the value of the property handled. Plaintiffs were properly allowed to show what such a percentage would be, and that the amount claimed—$700—was not in excess of that basis.

[7] It is true, as urged for defendant, that several counts of the complaint do not contain the necessary allegations to show that this item of damage is a proper subject for recovery. But this did not render the counts demurrable, the proper method for its exclusion being by motion to strike, and by objection to the evidence or appropriate instruction to the jury. W. U. T. Co. v. Garthright, 151 Ala. 413, 44 South. 212. However, the complaint contained a count or counts with the necessary allegations, and there was no prejudice to defendant in this regard.

We find no error in the rulings on the evidence which could have been prejudicial to defendant.

[8, 9] It is insisted that the defense that plaintiffs were not lawfully licensed to carry on the business of real estate brokerage was a good defense in law, and should have defeated a recovery in the conceded absence of any showing by plaintiffs that they were in fact licensed.

The rule is fully settled that the doing of business without the required license, though subject to criminal penalty, does not invalidate acts done or obligations contracted therein. Sunflower Lbr. Co. v. Turner Sup. Co., 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20; Smith v. Sharpe, 162 Ala. 433, 50 South. 381; Alford v. Creagh, 7 Ala. App. 358, 62 South. 254. The Revenue Act of 1915 (Acts 1915, p. 490) provides that—

"Every person * * * engaged in any business * * * for which a license or privilege tax is required shall first procure a license," etc.

And section 3 (p. 527) provides:

"Before any person, firm or corporation shall engage in or carry on any business or do any act for which a license by law is required, he, they or it shall pay to the judge of probate * * * the amount required for such license," etc.

While the authorities in general are not harmonious in their application of the general principle, the basis of decision seems to be that if the requisition of a license is for revenue only, and not for police protection, the penalty for operating or acting without a license is visited upon the person and not upon the business, and contracts made in carrying on the business are not held void unless the statute expressly prohibits or vitiates them. Sunflower Lbr. Co. v. Turner Sup. Co., 158 Ala. 191, 48 South. 510, 132

Am. St. Rep. 20, citing 25 Cyc. 633, and reviewing many cases.

A majority of the court, consisting of ANDERSON, C. J., McCLELLAN, SAYRE, GARDNER, and THOMAS, JJ., are of the opinion that there is nothing in the language of the present law which, by reasonable construction, prohibits the doing of business or any act of business, in the sense of avoiding contractual validity, in default of a license paid for and procured according to law; and that the plaintiffs' contract here sued on was not invalid by reason of his operating without a license. In consequence, the action of the trial court in disregarding the plea so alleging is held as free from error.

No prejudicial error appearing, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, GARDNER, and THOMAS, JJ., concur.

SOMERVILLE and BROWN, JJ., dissent as shown by opinion appended.

SOMERVILLE, J. (dissenting). In Sunflower Lbr. Co. v. Turner Sup. Co., 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20, holding that contracts made in the course of conducting a business, without the license required by law, were valid and enforceable, the court was dealing with a statute (Code, § 2361) which provided merely that "licenses are required of all persons engaged in or carrying on any business," etc., and the correctness of the conclusion is unquestionable.

The language of our Revenue Act of 1915, which is repeated in the act of 1919 (Gen. Acts 1919, p. 395), expressly prohibits the carrying on of the specified businesses—including that of real estate brokers—without first procuring a license therefor; and I cannot escape the conviction that such a prohibition carries with it a legislative outlawry of executory contracts which are sought to be enforced by any offender of the law. The change in the language of the present law is significant, and ought to be given appropriate restrictive effect in accordance with its obvious purpose.

According to the weight of authority, the burden of proof on such an issue in civil cases, where the holding of a license is only collaterally involved, is upon the defendant. Abhau v. Grassie, 262 Ill. 636, 104 N. E. 1020, Ann. Cas. 1915B, 414, and note, 416. But in this state it has been authoritatively settled that the burden of proof is upon the party who is required to have the license, the rule being founded upon considerations of policy and convenience. Edisto Phosphate Co. v. Standford, 112 Ala. 493, 20 South. 613; Brown v. Raisin Fertilizer Co., 124 Ala. 221, 26 South. 891. And the same rule is established in prosecutions for viola-

tions of the license statutes. Porter v. State, 58 Ala. 66. See, also, Mays v. Williams, 27 Ala. 267.

The plaintiffs failed to discharge this burden of proof, and there is no evidence in the record which tends to show, directly or inferentially, that they were licensed brokers.

It would result, in accordance with the authorities, that plaintiffs were not entitled to recover on the contract sued on. Brown v. Raisin Fertilizer Co., 124 Ala. 221, 26 South. 891; Talladega F. & M. Co. v. Farmers' Union Warehouse Co., 2 Ala. App. 307, 56 South. 595.

BROWN, J., concurs in the foregoing.