## McLOSKY v. STATE. (7 Div. 881.)

(Court of Appeals of Alabama. July 10, 1923. Rehearing Denied Nov. 20, 1923. Affirmed on Mandate of Supreme Court Jan. 22, 1924.)

**1. Physicians and surgeons ⬤ᷓ2—Statute prohibiting practicing without certificate held constitutional.**

Code 1907, § 7564, as amended by Acts 1915, p. 661, prohibiting any one from engaging in the business of treating human beings without obtaining a certificate of qualifications, *held* constitutional.

**2. Physicians and surgeons ⬤ᷓ6(½)—Chiropractor obtaining certificate may practice.**

Chiropractors are not excluded or discriminated against by Code 1907, § 7564, as amended by Acts 1915, p. 661, prohibiting treatment of human beings without obtaining a certificate of qualifications, and they have the same right to apply for such a certificate as does the homeopath or osteopath, and if such a certificate is secured they can practice their method of treatment.

---

⬤ᷓFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Physicians and surgeons ⊕—6(10)—Accused must show he had certificate.**

In a prosecution under Code 1907, § 7564, as amended by Acts 1915, p. 661, prohibiting treatment of human beings without obtaining a certificate of qualifications, the state is not required to prove that defendant had not obtained the required certificate, but defendant must show affirmatively that he had such a certificate.

**4. Criminal law ⊕—327—General rule as to burden of proof stated.**

Generally the state is required to offer testimony to prove every material averment in the complaint or indictment, by offering testimony sufficient to satisfy the jury of the guilt of the accused beyond a reasonable doubt.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

F. C. McLosky was convicted of treating diseases of human beings without license, and he appeals. Reversed and remanded on rehearing. Affirmed on mandate of Supreme Court.

Certiorari granted by Supreme Court in Ex parte State ex rel. Attorney General, 210 Ala. ·458, 98 South. 708.

Culli & Hunt, of Gadsden, for appellant.

In a criminal prosecution every essential element of the offense must be proved. Ogletree v. State, 28 Ala. 693; Piano v. State, 161 Ala. 88, 49 South. 803; Roberson v. State, 183 Ala. 54, 62 South. 837; Davis v. U. S., 160 U. S. 484, 16 Sup. Ct. 353, 40 L. Ed. 499. The burden was not on the defendant to show he had a certificate of qualification. Garbutt's Case, 17 Mich. 9, 97 Am. Dec. 162. Where there is conflict in the evidence, the state is not entitled to have the verdict directed. Carter v. State, 3 Ala. App. 112, 57 South. 1022; King v. State, 151 Ala. 12, 44 South. 200. In order to give the circuit court jurisdiction, it was necessary that there be filed therein the proceedings had in the county court, including the judgment, certified as correct. Hall v. State, ante, p. 178, 95 South. 904; Code 1907, § 6726; Mims v. State, 17 Ala. App. 276, 84 South. 394; Guin v. State, 17 Ala. App. 293, 84 South. 863; Jacobs v. State, 17 Ala. App. 396, 85 South. 837; Coursen v. State, 18 Ala. App. 538, 93 South. 223.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The appeal bond, showing the judgment, as in this case, is sufficient to confer jurisdiction on the circuit court, regardless of whether the papers were sent up by the county court. S. & N. A. v. Pilgreen, 62 Ala. 305; Harden v. Abraham, 133 Ala. 341, 32 South. 595; Okl. Vinegar Co. v. Kaupp, 136 Ala. 629, 33 South. 868.

BRICKEN, P. J. [1] The prosecution against this defendant was for a violation of section 7564 of the Code 1907, as amended by Acts 1915, p. 661. The complaint filed by the solicitor, and upon which he was tried in the circuit court, is as follows:

"The state of Alabama, by its solicitor, complains of F. C. McClosky, whose Christian name is unknown, that, within twelve months before the commencement of this prosecution, he, the said F. C. McClosky did practice or engage in the business of treating of diseases of human beings without a license, contrary to law." Smith v. State, 8 Ala. App. 352, 63 South. 28.

Defendant demurred to the complaint, the principal grounds thereof being that the act of the Legislature (Acts 1915, p. 661), is unconstitutional and void. We are of the opinion that there is no merit in this contention, and that the complaint is not subject to any of the grounds of demurrer assigned. Brooks v. State, 88 Ala. 122, 6 South. 902; Smith v. State, 8 Ala. App. 352, 359, 63 South. 28; Ex parte Smith, 183 Ala. 116, 63 South. 70.

The testimony of the state tended to show that this defendant did, within the time covered by the complaint, treat diseases of human beings by a system of treatment known and called "chiropractic." This testimony is without conflict, as the defendant offered no testimony. There were several exceptions reserved to the rulings of the court upon the testimony. In our opinion no error appears in any of these rulings which injuriously affected the substantial rights of the defendant. This is practically conceded by able counsel representing the appellant in this court, as in brief filed here none of said rulings are discussed or insisted upon as error.

It is unquestionably the law that any person who treats or offers to treat diseases of human beings in this state, by any system of treatment whatsoever, violates the law, unless such person, before such treatment or offer to treat the diseases of human beings, obtains a certificate of qualification from the state board of medical examiners. This statute applies to all persons, and includes those persons who follow the school of practice known as "chiropractic," and who call themselves "chiropractors." In other words, the authority of the state board of medical examiners to issue certificates of qualification is not limited to those who desire to enter the profession as homeopathic doctors, but extends to all schools or systems of treatment of diseases of human beings, for the statute expressly provides "by any system of treatment, whatsoever," etc.

[2] As has been expressly held—the chiropractor is not excluded or discriminated against, and has the same right to apply for a certificate of qualification as does the homeopath or osteopath, and, if granted a certificate of qualification by the state board of medical examiners, there is nothing in the

law that denies him the right to pursue his method of treatment.

[3] In the case at bar, however, counsel for appellant urgently insist (and this is the principal contention of appellant) that it was incumbent upon the state to prove and that the duty devolved upon the state to show by its testimony that the defendant not only did treat or offer to treat diseases of human beings, but also that he did so without having obtained from the state board of medical examiners a certificate of qualification. In other words the appellant insists that the burden was on the state to prove beyond a reasonable doubt that the defendant had not obtained such certificate of qualification.

In this connection brief of counsel for appellant contains the following:

"All the evidence shows is that the defendant, by a system of manipulation, or adjustments, as the witnesses put it, treated diseases of the human body. This is in itself a laudable and lawful occupation. It is only where the defendant treats such diseases without having a certain certificate of qualification that there is a violation of the statute. The defendant has the right to practice the science of chiropractic in this state if he has the required certificate of qualification mentioned in Acts 1915.

"Did the defendant have this certificate? Answering this question, it is only necessary to state that the law never presumes anything unlawful, but presumes that the defendant did have such certificate. There is nothing in the testimony showing that he did not. Therefore he was entitled to the affirmative charge in place of the state, and the court was in error in so giving said charge for the state.

"The plea of not guilty, as well as the presumption of innocence, placed the burden on the state to show by the testimony beyond a reasonable doubt that he had no such certificate before there could be a conviction. It is not the treatment of diseases of the human body that makes the offense denounced by the law, but doing so without having said certificate of qualification, which material and essential element the state failed to prove in this case, and hence the affirmative charge should have been given for the defendant in place of the state."

[4] It will be noted that in this insistence counsel for appellant state correctly the general rule to be followed in criminal cases, that is, the state is required to offer testimony to prove every material averment in the complaint or indictment, and the measure of proof is that this is to be done by offering testimony sufficient to satisfy the jury of the guilt of the accused beyond a reasonable doubt. But by repeated adjudications and decisions an exception to this general rule has been declared. Porter v. State, 58 Ala. 66; Bibb v. State, 83 Ala. 84, 90, 3 South. 711; Morgan v. Whatley, 205 Ala. 170, 87 South. 846.

In Porter v. State, supra (second headnote) it is said:

"The state having proved the carrying on of a business which was unlawful without a license, it devolves on the defendants to show that they had taken out such license; and on their failure to do so, conviction is proper, though there is no affirmative proof on the part of the state that defendants had no license."

In Bibb v. State, supra (by Somerville, J.), the court said:

"This form requires no averment that the table kept was not one licensed to be kept under the laws of the state. If such was the fact, it was mere matter of defense. It does not devolve on the state to show that the defendant had no license, but on the defendant to show affirmatively that he had."

It would appear that this exception to the general rule is based upon policy and convenience; its reason is clearly manifest for the possession of a license is a fact peculiarly within the knowledge of the defendant, and public policy requires, and certainly the manifest convenience of the courts demand, that such matter of defense shall be assumed by the accused. In this state it has been authoritatively settled that the burden of proof is upon the party who is required to have the license. Morgan v. Whatley, 205 Ala. 170, 173, 87 South. 846.

In Ann. Cas. 1915B, p. 416, 417, note, it is said:

"In a criminal prosecution for practicing a profession or carrying on a business without a license required by law, or in an action to recover a penalty for so doing, the authorities are unanimous to the effect that the possession of the license being a fact peculiarly within the knowledge of the defendant, the burden is on him to prove that fact"—citing innumerable cases from practically every state in the union.

From what has been said, and cases cited, the appellant's insistence must fall, as the testimony offered by the state met the required burden by showing without conflict or dispute that the accused had violated the express terms of the statute by treating or offering to treat diseases of human beings in this state, and, as there was no proof offered by the defendant showing or tending to show that he had complied with the statute by having obtained from the state board of medical examiners a certificate of qualification so to do, the court without error gave the general affirmative charge requested in writing by the state.

No error appears in any of the rulings of the court. The record is also free from error; hence the judgment appealed from is affirmed.

Affirmed.

BRICKEN, P. J. The opinion heretofore handed down in this case on rehearing is withdrawn, and under the authority of Ex parte State ex rel. Atty. Gen. (Re McLosky v. State), 210 Ala. 458, 98 South. 708, the judgment appealed from will stand affirmed.