23 So.2d 398

**WYNN v. STATE.**

**6 Div. 140.**

Court of Appeals of Alabama.

June 5, 1945.

Rehearing Denied June 19, 1945.

Horace C. Alford, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecutions in the two cases involved on this appeal were begun in the Jefferson County Court of Misdemeanors. The two charges against the defendant were based upon affidavits, (1) "practicing pharmacy without a license;" (2) "practicing medicine or surgery without a license." From judgments of conviction in the Court of Misdemeanors, appeals were taken to the circuit court, where by agreement the two cases were consolidated and tried together; separate verdicts being rendered in each case.

The trials in the circuit court were by jury and resulted in a conviction of the defendant in each case. Judgments of conviction were duly pronounced and entered, from which this appeal was taken.

We gather, from the insistences of appellant's earnest and aggressive counsel, that reversal of the two cases depends principally upon two points of decision. (1) The action of the court in refusing to give

at the request of defendant the affirmative charge requested in writing. This insistence is based upon the grounds that the State did not prove that the defendant did not have a license to practice pharmacy or medicine. In this connection it is urgently contended that, "the burden of proof was upon the State to prove by testimony, written or oral, that the defendant did not have a license to practice medicine or surgery, and that he did not have a license to practice pharmacy, as these were material averments in the complaints upon which the trial of these cases was had."

■ The foregoing insistence states correctly the general rule to be followed in criminal cases, that is, the state is required to offer testimony to prove every material averment in the complaint or indictment, and the measure of proof is that this is to be done by offering testimony sufficient to satisfy the jury of the guilt of the accused beyond a reasonable doubt. But counsel for appellant evidently overlooked the numerous adjudications and decisions wherein an exception to this general rule has been announced and declared. Porter v. State, 58 Ala. 66; Bibb v. State, 83 Ala. 84, 90, 3 So. 711; Morgan v. Whatley & Whatley, 205 Ala. 170, 87 So. 846.

In Porter v. State, supra (second headnote) it is said:

"The State having proved the carrying on of a business which was unlawful without a license, it devolves on the defendants to show that they had taken out such license; and on their failure to do so, conviction is proper, though there is no affirmative proof on the part of the State that defendants had no license."

In Bibb v. State, supra [83 Ala. 84, 3 So. 713] (by Somerville, J.), the court said:

"This form requires ·no averment that the table kept was not one licensed to be kept under the laws of the state. If such was the fact it was mere .matter of defense. * * * It does not devolve on the state to show that the defendant had no license, but on the defendant to show affirmatively that he had."

It would appear that this exception to the general rule is based upon policy and convenience; its reason is clearly manifest for the possession of a license is a fact peculiarly within the knowledge of the defendant, and public policy requires, and certainly the manifest convenience of the courts demands, that such matter of defense shall be assumed by the accused.

In this state it has been authoritatively settled that the burden of proof is upon the party who is required to have the license. Morgan v. Whatley & Whatley, 205 Ala. 170, 173, 87 So. 846.

In Ann.Cas. 1915B, p. 416, 417, note, it is said:

"In a criminal prosecution for practicing a profession or carrying on a business without a license required by law, or in an action to recover a penalty for so doing, the authorities are unanimous to the effect that the possession of the license being a fact peculiarly within the knowledge of the defendant, the burden is on him to prove that fact"—citing innumerable cases from practically every state in the Union.

■ The evidence in this case was conflicting. The insistence that it was insufficient to go to the jury (2) is untenable. We are of the opinion that the evidence of the State was ample to carry the case to the jury. A portion of this evidence, as shown by the transcript, is as follows:

State witness, Essie Mae Scott, testified that she was suffering from syphilis and had been notified to return to the Bessemer Clinic for treatment, but instead of going to such clinic for treatment she went to Willie Thompson, a cousin of hers, and told him about her sufferings, but did not tell him that she had syphilis. Willie Thompson then advised her to go to his doctor. Willie Thompson accompanied Essie Mae Scott to the home of the appellant, which apparently was his place of business, and she was introduced to the appellant as "Dr. Wynn." This witness further testified that she told "Dr. Wynn" how she was suffering and Dr. Wynn said he would give her a treatment. She further testified that Dr. Wynn put a compass on her arm and elbow and let it stay a few minutes and then told her that she was suffering from excessive weakness, high and low blood pressure, galloping gout, hay fever and sinus catarrh. She further testified that Dr. Wynn told her that he would fix her some medicine and that on this trip she paid him seven dollars. She returned twice to see Dr. Wynn and on each of said trips she paid him six dollars and fifty cents. If this witness' evidence is true then it is shown that the appellant diagnosed her ailments and prescribed her treatment and charged her for the same, and that her ailments were diseases. If this is so, then he was practicing medicine. Said witness also testified that Dr. Wynn told her that she was also suffering from kidney trouble. She

154

testified in substance that when Wynn took the compass off of her arm she asked him what was the matter with her and asked him could he cure her and then he told her that she was suffering from the above enumerated ailments.

The State's witness, A. D. Brown, who, it appears, is Chief Sanitation Officer for the Jefferson County Board of Health, testified in substance that he went to the home of the appellant and found a cabinet full of various medicines; a large number of bottles, some of which were practically filled with various medicines; some full bottles; bottles contained pills; a bag of various labels, corks, etc.; and various medicines which were not in their original packages. Some of the bottles had labels on them with directions for taking. This witness also testified that some of the medicines he found were poison medicines and that a number of them were not patent medicines. State's Exhibit B is a small bottle with a metal clasp top and it contained 9 or 10 light brown pills with a small amount of cotton and a slip of paper inside with the words written thereon, "take one daily, not but once a day."

There was no error of a reversible nature upon the trial of this case, and the transcript being also without apparent error thereon, it follows that the two judgments of conviction from which these appeals were taken will both stand affirmed.

Affirmed.