91 So.2d 223

**Jim O. BRUNER**

v.

**STATE.**

2 Div. 904.

Court of Appeals of Alabama.

June 19, 1956.

Rehearing Denied Aug. 14, 1956.

Sam Earl Esco, Jr., Selma, for appellant.

John Patterson, Atty. Gen., for the State.

PRICE, Judge.

From a judgment of conviction rendered on a plea of guilty in the Circuit Court of Dallas County, to an indictment charging, omitting the formal parts, that appellant, "kept, exhibited, or was interested or concerned in keeping or exhibiting, a gaming table for gaming," this appeal is prosecuted.

Counsel for appellant insists in brief that the indictment is so defective as not to support the judgment of conviction because it fails to aver that the gaming table alleged to have been kept by defendant was "not regularly licensed under the laws of this State," and that it is the duty of this court to notice such alleged defect, although no objection was taken to the indictment in the trial court.

The indictment follows the form prescribed by the Code, Form No. 68, Sec. 259, Tit. 15, Code 1940. In Bibb v. State, 83 Ala. 84, 3 So. 711, 713, the court decided adversely to appellant's contention in these words: "This form requires no averment that the table kept was not one licensed to be kept under the laws of the state. If such was the fact it was mere matter of defense. Even in those cases where the forms of indictment are required to allege the non-existence of such excepted case, it does not devolve on the state to show that the defendant had no license, but on the defendant to show affirmatively that he had. Porter v. State, 58 Ala. 66."

The judgment below is ordered affirmed.

Affirmed.