69   215
109   539

HENRY H. THOMAS v. GEORGE C. GREENWOOD ET AL.

*Contract by correspondence—Acceptance of offer to sell—Pleading.*

1. Offers for the sale of goods become binding only when the proposition is met with an acceptance corresponding with it *entirely* and *adequately*, without qualification or the addition of new matter.

2. An offer by letter for the sale of all of the Hercules powder which the dealers have in stock, consisting of specified amounts of different grades, at a certain price per pound, with a reservation of 1,500 pounds of *no* specified grade, to be paid for in cash, or by an indorsed note that the vendors could use as cash, and a letter accepting the powder, less the 1,500 pounds, which is selected *for* the vendors, coupled with an order to ship the goods, and on receipt of invoice the vendee would forward the indorsed note, do not constitute a binding contract between the parties.

3. An offer for the sale of powder, and of caps and fuse to be used herewith, does not become binding upon the vendor by an acceptance of the powder alone.

4. A count in a declaration alleging an indebtedness of the defendants in a given sum by reason of the failure of the defendants to ship, furnish, and deliver to plaintiff 7,200 pounds of Hercules powder, before then bought of defendants by plaintiff, is too uncertain and indefinite to sustain a cause of action.

Error to Bay. (Green, J.) Argued January 13, 1888. Decided April 6, 1888.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Simonson, Gillett & Courtright,* for appellant.

*Hatch & Cooley,* for defendants.

CHAMPLIN, J. The defendants were, in 1886, doing business at Duluth, Minnesota, under the firm name of G. C. Greenwood & Co.

The plaintiff on the ninth of February, 1886, wrote to defendants from Bay City, Michigan, as to the purport of which letter we are not informed.

Defendants replied February 11, 1886, as follows:

"DULUTH, MINN., February 11, 1886.
"MR. H. H. THOMAS,
   "No. 9 Munger Block, Bay City, Michigan.
    "*Dear Sir:* We are just in receipt of yours of the ninth inst., in reference to Hercules powder. Replying, would say that we have the following in stock: 600 ℔s. No. 2, $\frac{1}{4}$ inch; 2,800 ℔s. No. 2, $1\frac{1}{4}$ inch; 2,600 ℔s. No. 2, S. $1\frac{1}{2}$ inch; 1,150 ℔s. No. 2, S. S. $1\frac{1}{4}$ inch; 1,550 ℔s. No. 1, X. X. $1\frac{1}{4}$ inch. Of this we would like to reserve about 1,500 ℔s. Our Mr. Mundy, who was talking with you, is not at home, and is bumming around the country in the cant-hook business. We quote this powder to you at 10c per ℔. f. o. b. here, we to reserve about amount stated. We also quote 4 x caps, see inclosed circular, which we are told are the best caps made, at $5.90 per thousand. Fuse, Lake Superior mining, single

and double tape, at 20 per cent. off Toy & Bickford & Co.'s or Ætna Powder Co.'s list. Terms, cash or approved notes. Should you decide to order these goods, you may give us indorsed note that we can use the same as cash, dated March 1, four months, without interest.

"Hoping to receive your order, we remain,
"Yours truly,        G. C. GREENWOOD & Co."

Said letter was duly received by said plaintiff, and immediately on the receipt of which said plaintiff wrote and mailed to said G. C. Greenwood & Co. a letter of which the following is a copy:

"BAY CITY, MICH., February 15, 1886.
"MESSRS. G. C. GREENWOOD & CO.,
"Duluth, Minnesota.

"*Gentlemen*: Your letter or statement, showing amount of Hercules powder, to hand, showing 8,700 ℔s. I will take 7,200 ℔s. of same, leaving you the 1,500 ℔s. in reserve, as you wished; so please ship promptly by freight.

1,900 ℔s. No. 2, S. 1¼ inch, Hercules.
2,600 ℔s. No. 2, S. 1½ inch, Hercules.
1,150 ℔s. No. 2, S. ⅚. 1¼ inch, Hercules.
1,550 ℔s. No. 1, X. X. 1¼ inch, Hercules.

---

$720.00.

"Please ship above goods at once, and on receipt of invoice will forward indorsed note, due four months from March 1, 1886. I do not understand what grade No. 4 X. is. I use Tupper force caps of same brand in my trade here. You are too high on caps and fuse.

"Respectfully,
"H. H. THOMAS."

These letters plaintiff claims made a binding contract between the parties.

They did not ship the goods as requested, and plaintiff brings this action to recover his damages based upon the alleged contract. He also added another count to his declaration, as follows:

"And also for that, whereas, the said defendants heretofore, to wit, at Bay City, in the county of Bay, on, to wit, the twentieth day of January, 1887, were indebted to and justly owed said plaintiff the sum of $3,000 for damages sustained

by him by reason of the failure of said defendants to ship, furnish, and deliver to plaintiff 7,200 pounds of Hercules powder, then before bought by plaintiff at Bay City of said defendants at Duluth, in the state of Minnesota."

The court below sustained a demurrer to the declaration, and this ruling presents the only question for our decision.

Do these letters form a valid completed contract between the parties? Counsel for plaintiff concede that, to have this effect, the letter of acceptance must, in every respect correspond with the offer, neither falling short nor going beyond the terms proposed; and they insist that it complies with the requirements of the law in this regard. Counsel for defendants dispute this, and insist that the minds of the parties never met, because—

*First.* The offer is indefinite, and left two matters open for further consideration, namely, the grade, and quantity of each grade, of the 1,500 pounds of powder to be reserved by Greenwood & Co.; also the sufficiency of the note to be accepted in payment of the goods.

We think the position of the counsel for defendants is correct. The right to select the powder reserved is clearly implied in the reservation. It applied to one grade no more than to another, and the fact the price at which the whole quantity was offered being a uniform price of 10 cents a pound, made no difference with the exercise of this right. Presumably it was reserved to fill some other order, or to supply the wants of some other customer, and the selection must be made before a delivery could be enforced.

They did not agree to take any indorsed note plaintiff might send. Quality was essential. It was to be such a note as they could use the same as cash. Who was to pass upon this qualification? Not the one who gave the note, but they who received it. But the plaintiff annexed a new condition. It was this: "On receipt of invoice, will forward indorsed note." The letter of Greenwood & Co. contains no such proposition. They did not say,—

"If you order these goods, we will ship them at once, and forward invoice, on receipt of which you may send us indorsed note due four months from March 1, 1886."

Nor did the plaintiff say that he would forward defendants an indorsed note that they could use the same as cash.

*Second.* The offer is for the sale of the powder, and of the caps and fuse. The offer is, "*Should you desire to order these goods.*" The acceptance is of the powder only.

We think this point is well taken. Caps and fuse cannot be used without powder. Would it be likely that defendants would offer to sell nearly all of their powder without trying to sell also the caps and fuse? They made their prices on each class of goods offered, and then said, " Should you decide to order these goods." Had plaintiff considered the price for the powder high, and caps or fuse low, we do not think he could accept or order the caps or fuse alone without the further assent thereto of defendants. Offers of this kind become binding only when the proposition is met with an acceptance which corresponds with it entirely and adequately, without qualification or the addition of new matter. 1 Pars. Cont. (7th ed.) 476, 477. We do not think this has been done in this case.

The last count of the declaration above quoted is claimed to be defective for the following reasons:

1. No consideration is stated for the agreement alleged to have been made by Greenwood & Co.

2. It does not allege any promise to pay any amount for which the defendants are said to be indebted to the plaintiff.

3. It claims damages for a refusal to ship and deliver goods alleged to have been bought, and it does not allege any agreement to ship, furnish, and deliver.

4. It does not aver any tender of payment or of performance on the part of the plaintiff, or any willingness or ability on his part to perform.

5. It undertakes to state a cause of action for a breach of

a special contract, and utterly fails to allege any valid contract of any kind.

We think this count is open to the objections stated, and that as a special count it is too uncertain and indefinite to sustain a cause of action.

The judgment is affirmed.

The other Justices concurred.