GANNON v. STANSFIELD.

FRAUDS, STATUTE OF—ORAL ACCEPTANCE INSUFFICIENT—MORTGAGES
—SPECIFIC PERFORMANCE.

Where defendant owner of land, in accepting plaintiff's offer to buy same with a cash payment and a six per cent. three-year mortgage for the balance, changed the terms by adding "seven per cent. thereafter," an oral acceptance by plaintiff of defendant's change in the terms was insufficient to satisfy the statute of frauds (3 Comp. Laws 1915, § 11970 et seq.) requiring same to be in writing, and was incapable of specific enforcement; the giving of a mortgage being more than a promise to pay money.

Appeal from St. Clair; Law (Eugene F.), J. Submitted October 26, 1921. (Docket No. 93.) Decided December 21, 1921. Rehearing denied March 31, 1922.

Bill by Joseph J. Gannon and another against Joshua Stansfield for the specific performance of a land contract. From a decree for plaintiffs, defendant appeals. Reversed, and bill dismissed.

*Clark, Emmons, Bryant, Klein & Brown,* for plaintiffs.

*Carl A. Wagner* (*Lincoln Avery*, of counsel), for defendant.

STONE, J. Defendant Stansfield resides in Oregon. He owned a house and lot in St. Clair county, Michigan, for which he engaged C. D. Rose of Detroit to find a purchaser. Rose requested Omar D. Cope of St. Clair, a real estate broker, to aid him. Cope found purchasers, the plaintiffs. The following writing was made by plaintiffs and Cope:

"PURCHASING APPLICATION.

"St. Clair, Mich., May 27, 1919.

"The undersigned hereby applies to Omar D. Cope & Co., agent for the purchase of the property herein described, situate in the township of St. Clair, St. Clair county, Mich., on the terms and conditions following, viz.:

Lot: Stansfield property, including buildings and furnishings, except a few personal effects.

Street: Between Barron and Gorman subdivision: on North Riverside Drive.

Restrictions: None.

Abstract to be furnished.

Purchase Price: $5,750.00.

Amount of Deposit: $200.00.

Balance: $5,550, payable $2,675 on delivery of deed and abstract, $2,875 by a 6 per cent. three year mortgage.

Subject to taxes after date of purchase.

Will close 5 days after delivery of merchantable abstract of title.

Salesman: Omar D. Cope.

Default in monthly deposits shall forfeit all previous moneys paid on this application.

.Applicant:	Jos. J. Gannon, and Chas. R. Roberts."

The next day Cope went to Detroit, informed Rose of the purchase application, and paid him part of the money deposited.	Rose then sent the following telegram:

"May 27th, 1919.

"Rev. JOSHUA STANSFIELD,
1195 Fairview Blvd., Portland, Oregon.

"Have sold St. Clair property for five thousand net to you, cash twenty-one twenty-five, balance twenty-eight seventy-five, six per cent. three year mortgage, send abstract.	Wire acceptance.	Letter follows.
"C. D. ROSE."

Defendant replied by telegraph:

"1919, May 29th, 3:29

"148 CH.	48 NL.
FY.	Portland, Oregon, May 28.
C. D. ROSE, 719 Dime Bank Bldg.,
Detroit, Michigan.

"All right, sell at five thousand net to me or terms. Your telegram speaks twenty-one hundred, twenty-five cash, balance six per cent. three year mortgage, seven per cent. thereafter.	I to reserve such relics of furniture as named in my former letter and abstract follows.

"JOSHUA STANSFIELD."

And by letter:

*"Dear Mr. Rose:*

"I inclose herewith abstract of property at St. Clair for which you wired.	Of course you understand that if the sale is made, certain family relics are to be reserved, which I mentioned to you in my letter to you last year.	These I will have Rev. H. Canfield of Mt. Clemens see to in due time.	This letter will confirm my telegram accepting the terms you wired

to me as follows:    $5,000 net to me; $2,125 in cash,
the balance on a three year mortgage at 6 per cent.
interest and 7 per cent. thereafter.    Upon receipt of
your letter I will write further.

Cordially yours,
May 29, 1919,                           Per M. S. G.
No. 445 Taylor St."

With this letter defendant sent an abstract of the
property containing an accurate description.

Rose went to St. Clair, met the plaintiffs, read and
exhibited to them the above letter and telegram of
the defendant, and they verbally informed him that
they accepted the terms of purchase contained therein.
Soon thereafter defendant refused to sell and convey.
Plaintiffs filed a bill for specific performance and were
decreed the relief prayed.    Defendant has appealed.

The trial judge has prepared a well written opinion
in support of the decree, holding that there was suf-
ficient memorandum to satisfy the statute of frauds,
and treating particularly of whether it was necessary,
for the purpose of a valid contract, to deliver to plain-
tiffs defendant's said letter and telegram of accept-
ance.    We regret that we cannot adopt his opinion
as our own.    But there is no written agreement by
plaintiffs to make, execute or deliver a mortgage of
the property containing the provision that the amount
secured shall draw interest at 7 per cent. after due.
Defendant did not accept the offer in terms.    He
added "and 7 per cent. thereafter."    There was not
a meeting of minds.    See 13 C. J. p. 281; *Lee* v.
*Hedenskoog*, 200 Mich. 427; *Thomas* v. *Greenwood*,
69 Mich. 215.    True, when informed thereof plain-
tiffs verbally assented to the change.    But this was
more than a promise to pay a sum of money.    To
satisfy the statute of frauds (3 Comp. Laws 1915, §
11970 *et seq.*), the undertaking as to the mortgage
must be in writing.    See *Pangburn* v. *Sifford, ante,*
153.

Defendant could not compel plaintiffs to give a mortgage containing the provision as to 7 per cent. after due, as set forth in said letter and telegram, for the reason that they did not agree in writing so to do. Neither can defendant be compelled specifically to perform. The obligation must be mutual.

Reversed. Decree will be entered dismissing the bill of complaint, with costs to defendant.

STEERE, C. J., and MOORE, WIEST, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.