MOUSHEGH MAKSOODIAN *vs.* JOHN J. KELLER.

Suffolk.    October 20, 1922. — December 2, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Broker*, Commission.   *Evidence*, Relevancy and materiality.

At the trial in a municipal court of an action of contract by a broker for a commission for obtaining a purchaser for the defendant's business, there was evidence tending to show that the defendant, desiring to sell his store, authorized the plaintiff to obtain a purchaser for $3,300 to $3,500, but stated to him that he "would consider a decent offer;" that, the plaintiff having procured a customer at $3,000, the defendant told the plaintiff and the customer that he would telephone the plaintiff at his office on the afternoon of the same day and make known his decision; that on the same afternoon the plaintiff talked with the defendant on the telephone and that the defendant then said to him that he accepted the offer of $3,000 and that he "wanted plaintiff to take a deposit of $50 immediately from" the customer "and to get $450 more from" him "before noon of the next day and then bring the $500" to him before that time; that the customer was in the plaintiff's office at the time and, the defendant's statement on the telephone being communicated to him, he immediately deposited with the plaintiff $50; that at about ten o'clock in the forenoon of the following day, the plaintiff and the customer went to the defendant's store, the customer being ready to make a deposit of $500, and the defendant then refused to sell for $3,000 "because some one had offered him $500 more, and that his wife would not let him sell," and that the customer was ready, able and willing to pay the purchase price. *Held*, that

(1) The defendant having refused to sell for $3,000 before the time set for the further deposit of $450 and the refusal not being based on a lack of the deposit stipulated for, the plaintiff was not required to procure the complete deposit to justify recovery;

(2) The customer being ready, able and willing to pay the balance of the deposit directly to the defendant, the defendant's rights were not affected because the customer was prepared to pay it to him rather than to the plaintiff, his agent;

(3) A question, asked of the customer relating to the telephone conversation above described, "Did plaintiff communicate to you the conversation he was having over the telephone?" and the answer, "Yes," properly were admitted in

evidence, as the plaintiff, acting as the defendant's agent, was authorized to tell the customer that the defendant had accepted his offer and the terms of the acceptance;

(4) A finding for the plaintiff was warranted.

CONTRACT for $300, alleged to be owed as a commission for procuring a purchaser for a store of the defendant. Writ in the Municipal Court of the City of Boston dated March 11, 1921.

Material evidence at the trial in the Municipal Court is described in the opinion. The judge found for the plaintiff in the sum of $300 and, at the request of the defendant, reported the case to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The question asked of Mooradian subject to objection by the defendant, referred to in the last paragraph of the opinion, was, "Did plaintiff communicate to you the conversation he was having over the telephone?" The answer was "Yes."

The case was submitted on briefs.

*E. M. Shanley,* for the defendant.

*J. V. Kalousdian,* for the plaintiff.

JENNEY, J. The defendant, who was in the retail grocery and provision business on Dudley Street in the Roxbury District of Boston, desiring to sell his store, authorized the plaintiff, who was a broker, to obtain a purchaser for $3,300 to $3,500, but stated that he "would consider a decent offer." The plaintiff having procured George Mooradian as a customer at the price of $3,000, the defendant told Mooradian and the plaintiff that he would telephone the latter at his office on the afternoon of the same day and make known his decision. The plaintiff testified that on that afternoon in his office he talked over the telephone with a person whom he recognized from the voice as being the defendant, although this was the second conversation he had had with him, and that the defendant then said to him that he accepted the offer of $3,000 and that he "wanted plaintiff to take a deposit of $50 immediately from Mooradian and to get $450 more from Mooradian before noon of the next day and then bring the $500" to him before that time. The defendant does not now press his objection to this evidence and concedes that it was admissible. See *McCarthy* v. *Peach*, 186 Mass. 67. The plaintiff further testified that Mooradian was in his office at the time and that he communicated

to him what he had heard over the telephone and immediately received a deposit of $50; that on the following day at about ten o'clock in the forenoon, he, with Mooradian and the latter's brother, went to the defendant's store, Mooradian being ready to make a deposit of $500; and that upon their arrival the defendant refused to sell for $3,000 "because some one had offered him $500 more, and that his wife would not let him sell." No objection was made to the admission of any part of this testimony.

Mooradian testified that he was ready, able, and willing to pay the purchase price; that while he was waiting in the plaintiff's office he heard him talk with some one over the telephone and was told by him that the person with whom he was talking was the defendant. He was then asked, subject to the objection of the defendant, whether the plaintiff communicated to him the conversation he had had over the telephone and answered that he did. He further testified without objection that as a result of what the plaintiff so told him, he immediately made a deposit of $50 and on the next morning at the time stated in the testimony of the plaintiff went to the defendant's store prepared to pay over the balance of the deposit and that the defendant refused to sell the property for $3,000. The defendant, while admitting the employment, denied the existence of any conversation over the telephone and said that he had rejected the offer.

The defendant contends that the evidence does not warrant a finding for the plaintiff because the broker did not comply with the terms of his employment in that he failed to procure a further deposit of $450 before noon of the day following the conversation over the telephone; but the defendant's refusal before that hour to sell the store to Mooradian for $3,000 was not based on this objection, and the plaintiff for that reason was not required to procure the balance of the deposit in order to justify recovery. *Witherell* v. *Murphy,* 147 Mass. 417. *Brilliant* v. *Samelas,* 221 Mass. 302. *Whitkin* v. *Markarian,* 238 Mass. 334. In any event the evidence justified a finding that Mooradian went with the plaintiff, within the limited time, prepared to pay the balance of the deposit directly to the defendant, whose rights were not affected because the customer was prepared to pay it to the defendant rather than to his agent, the plaintiff.

The only other question argued relates to the admission of the

testimony by Mooradian as to what the plaintiff told him that the defendant over the telephone had said to him. While the answer was "Yes," the witness was not asked to repeat the conversation. No objection was made to evidence offered by the same witness of what he did as a result of what he had been told. See *Dixon* v. *Lamson,* 242 Mass. 129. The admission of the question was right. The plaintiff acting as the agent of the defendant, in order to complete the negotiations, was authorized to tell the customer that the defendant had accepted his offer and the terms of its acceptance.

*Order dismissing report affirmed.*