## RUBIN ET AL. HODES ET AL.

[No. 12,412.    Filed February 17, 1926.    Rehearing denied May 14, 1926.]

1. BROKERS.—*Finding that brokers were entitled to commission for finding purchaser of real estate sustained.*—Evidence *held* to sustain a finding that brokers had furnished purchasers for real estate on terms in accordance with contract and acceptable to owners, and, therefore, were entitled to commission under contract.    p. 579.

2. BROKERS.—*Landowner refusing to execute contract of sale for stated reason cannot, in action by brokers for commission, present other reasons for refusal.*—After a landowner has accepted a proposition presented by his brokers for the purchase of his real estate but refused to consummate the deal because the time allowed by the contract for securing a purchaser had expired, he cannot, after suit is commenced, present entirely different grounds for his refusal.    p. 579.

From St. Joseph Superior Court; *J. Fred Bingham,* Judge.

Action by Jack Hodes and others against Philip Rubin and another. From a judgment for plaintiffs, the defendants appeal. *Affirmed.* By the court in banc.

*William N. Bergan* and *Maxine Ryer,* for appellants.

*Jones & Obenchain* and *Scanlon & Schwartz,* for appellees.

NICHOLS, C. J.—Appellees were partners doing a real estate business under the firm name of "United Realty and Insurance Company," and, as such partners, sued appellants to recover a real estate broker's commission on a written contract for sale of real estate. There was a trial by the court which resulted in a finding and judgment in favor of appellees in the sum of $836, from which judgment, after appellants' motion for a new trial was overruled, this appeal. The only error assigned is the action of the court in overruling appellants' motion for a new trial, under which appellants assign

that the finding is not supported by sufficient evidence and that it is contrary to law.

By the listing contract, which was dated August 20, 1923, appellants placed the property involved exclusively in the hands of appellees for sale for ninety days at a price of $18,000, terms $6,000, which was reasonably construed to mean $6,000, cash. The contract further provided, so far as here involved, that if appellees should find a buyer at said price or at a price that appellants would agree to take, and if the property should be sold or traded while in appellees' hands, appellants agreed to pay a commission of five per cent. on the first $3,000 and three per cent. upon the excess. Appellees were authorized by the contract to accept a deposit to be applied on the purchase price, and to execute a binding contract for sale on appellants' behalf. On November 17, 1923, and after previous conferences, appellees presented to appellants a contract of sale to certain purchasers, which was executed in appellants' name by appellees in their behalf, by which contract, it appeared that the purchasers had paid to appellees for appellants' use, on the purchase price, $500, and were ready to pay $5,500 when the sale was consummated, making a total of $6,000 cash payment, and the purchasers further agreed to pay $12,000 at the rate of $125 per month. It was further stipulated that appellants should retain possession of such real estate for ninety days, paying a reasonable rent therefor. There is evidence that it was understood that the cash price should be $6,000 and $125 per month, that appellants read the contract, and said everything was all right. They did not close the deal, however, for two reasons which were given, one that they did not do business and receive money on Saturday, they being of the Jewish faith, and that they were not acquainted with contracts and wanted their attorney to see this

one before they signed it. They told the parties concerned to come back on Monday, but, on Monday, told them that the time was up, and refused to close the deal. No other reason was then given for refusing to close the deal. But, after suit was commenced, appellants for the first time contended that there was no assent to, or acceptance of, the terms of deferred payments, or as to payment of reasonable rent for the ninety days appellants were to remain in possession. But we hold otherwise. The evidence shows that on Friday evening, November 16, 1923, appellees explained the matter to appellants, and on Saturday, they said everything was all right. This was sufficient to sustain the court's finding, in effect, that appellees had furnished purchasers with terms which were acceptable to appellants; and were, therefore, entitled to their commission under the terms of their contract. Further, appellants having given as their only reason for refusing to carry out the contract of sale that the time was up Monday, November 19, 1923, being ninety-one days from the date of the listing contract, they cannot, after suit is brought, for the first time, be heard to present other and entirely different grounds for their refusal to consummate the deal. *Kenefick* v. *Schumaker* (1917), 64 Ind. App. 552, 116 N. E. 319; *McFarland* v. *Lillard* (1891), 2 Ind. App. 160, 166, 28 N. E. 229, 50 Am. St. 234; *Cook & Bernheimer Co.* v. *Hagedorn* (1921), 82 Ind. App. 444, 131 N. E. 788, 792; *Rosenthal* v. *Rambo* (1905), 165 Ind. 584, 76 N. E. 404, 3 L. R. A. (N. S.) 678; 4 R. C. L. 310.

Judgment affirmed.