STERK & VOGEL, INC., *v.* KUZEE.

1. Brokers—Commissions—Listing Agreement—Offer Presented.
   Verdict was properly directed for owners of property listed by plaintiff broker, suing for commission, where offer received by broker and proposed to owner was not substantially identical to offer contained in listing agreement.

2. Same—Commissions—Compliance With Listing Agreement.
   A broker has the duty to show compliance with the terms of listing agreement in order to be entitled to commission.

3. Same—Refusal of Owner to Accept Offer.
   An owner of property in this State who has listed it for sale with a real estate broker is not limited to grounds of refusal stated at time he refuses to accept an offer presented by the broker.

4. Appeal and Error—Questions Reviewable—Matter Raised on Appeal for First Time—Owners' Refusal of Offer—Estoppel.
   Claim that defendant owners who refused offer presented by plaintiff broker was precluded at the trial from justifying refusal of offer on ground other than that stated at time offer was refused came too late when presented for first time on appeal, where the trial court has not had an opportunity to pass upon such question.

References for Points in Headnotes
[1, 2] 8 Am Jur, Brokers § 176.
[4] 3 Am Jur, Appeal and Error § 820.

Appeal from Kent; Brown (William B.), J. Submitted June 12, 1952. (Docket No. 22, Calendar No. 45,439.) Decided June 27, 1952.

Action by Sterk & Vogel, Incorporated, against Ray Kuzee and wife for real estate commission. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Searl, White & Block,* for plaintiff.

*Warner, Norcross & Judd,* for defendants.

CARR, J. The material facts in this case are not in dispute. On February 5, 1951, the defendants were the owners of certain real estate, in the city of Grand Rapids, subject to a mortgage. On that date they signed an agreement authorizing plaintiff to find a purchaser for such property on the terms set forth therein, and to list it with members of the Grand Rapids Real Estate Board. The agreement as written undertook to give to plaintiff the exclusive right and privilege, for a period of 6 months, to find a purchaser. Defendants agreed to pay a commission of 5% of the sale price if plaintiff, or any member of the Grand Rapids Real Estate Board, produced a purchaser ready, willing, and able to carry out the contemplated transaction.

Claiming that it had performed its undertaking as evidenced by the listing agreement, plaintiff brought suit in circuit court to recover the sum of $1,900, the amount of the commission agreed to be paid. In its declaration it based its right to recover on the following allegations:

"That pursuant to said listing and agreement plaintiff proceeded to exercise his best efforts and ability in and about the sale of said property, and did, on or about the 31st day of July, 1951, find a

purchaser ready, willing and able to meet and comply with the terms upon which defendants had listed such property for sale with plaintiff, and so advised the defendants.

"That plaintiff performed all things by him to be done and performed under the terms of said contract."

In support of the claim, proof was offered establishing that a few days before the expiration of the 6-months period of the listing agreement, plaintiff obtained an offer from a prospective purchaser who was ready, willing, and able to perform for the purchase of the property for the sum of $38,000 in cash. The defendants refused to accept the offer, it being the testimony of defendant Ray Kuzee, who was called by plaintiff for cross-examination under the statute,* that the reason given for the refusal was because defendants did not wish to sell. The testimony of witnesses for the plaintiff indicates that the offer was not accepted because defendants desired time to consider it.

The listing agreement signed by defendants specified the selling price as $38,000 on the following terms:

"Payable $20,000 cash inventory extra, balance $310 plus int. at 5% or more including interest at —% (or with my consent for a lesser sum or on other terms), which price includes all encumbrances, taxes, assessments, and balances owing on furnaces, heaters and other equipment."

At the conclusion of plaintiff's proofs defendants moved for a directed verdict in their favor, based in part on the claim that the plaintiff was not incorporated until after the listing agreement was signed, and in part on the fact that the offer to purchase for the sum of $38,000 in cash was not in accordance with the terms of sale as set forth in the

---

* See CL 1948, § 617.66 (Stat Ann § 27.915).—REPORTER.

language of the listing agreement, above quoted. The trial court did not pass on the first question but came to the conclusion that under the decision of this Court in *Sharrar* v. *Nestle,* 222 Mich 538, the motion should be granted on the second ground alleged therefor. A verdict in defendants' favor was directed, and judgment entered in accordance therewith.

Plaintiff has taken an appeal, alleging as the reasons and grounds therefor that the trial court was in error in directing a verdict in defendants' favor because, under the evidence, it had performed its agreement, was entitled to recover the commission, and the question of its right to recover should have been submitted to the jury. The further ground is alleged that the trial court was in error in refusing to permit plaintiff, after it had rested its case, to put in further proofs for the purpose of showing its efforts to dispose of the property listed and to controvert certain allegations in defendants' answer.

Plaintiff's assignments of reasons for its appeal as well as the averments of its declaration indicate clearly that in seeking to recover the commission claimed to be due it relied on the theory that in procuring a purchaser ready, willing, and able to pay the sum of $38,000 in cash for defendants' property it had complied with the terms of the listing agreement. Statements made in plaintiff's behalf during the course of the trial clearly indicate that it was relying on the theory of performance, in other words, that the offer received by it and declined by defendants was substantially identical with the terms on which defendants had agreed to sell. The trial court was correct in holding that, under the undisputed proofs, plaintiff had failed to sustain its claim.

The factual situation involved in *Sharrar* v. *Nestle, supra,* is analogous to that in the case at bar. There, action was brought to recover a commission claimed

by the plaintiffs to be due to them by virtue of a listing agreement under which the defendants agreed to sell their farm for the sum of $14,000 net to them, of which amount $3,000 was to be paid in cash and the balance to be paid in 10 years with the privilege of paying any amount on any interest day with interest at the rate of 6% per annum from the date of delivery of possession. By way of commission plaintiffs were to receive, after they performed their undertaking, all over and above the sum of $14,000 that might be received from a purchaser. An offer to purchase was obtained for the sum of $14,800, payable $500 on the signing of the contract, $3,300 or more on March 1, 1921, and the sum of $500 or more on the 1st of March of each year thereafter until the entire consideration payable, with interest at the rate of 6% from March 1, 1921, had been paid, the entire amount being payable in 10 years from said date.

In sustaining a directed verdict for the defendants, it was pointed out in the opinion of this Court that under the terms specified in the listing agreement the defendants would have been entitled to have $11,000 of their money drawing interest at 6% for at least 1 year, while the terms of the offer submitted to them gave the purchaser the right to make payment in full at the time the payment in the sum of $3,300 would become due in accordance with the terms of the offer. It was further stated that:

"The right of defendant to have his $11,000 invested for at least a year at 6% interest was a valuable right. See *Barbour* v. *Hickey,* 2 App DC 207 (24 LRA 763)."

Counsel for appellant argue in their brief that inasmuch as defendants did not assign as a reason for their nonacceptance of the offer submitted by plaintiff that the terms thereof were not in accord with

the listing agreement they should have been held precluded on the trial from making such claim. In support of the contention, decisions from other States are cited, of which *Moss* v. *Warns,* 245 Wis 587 (15 NW2d 786, 156 ALR 598), is typical. Said case, and other cases cited in the opinion therein and in 12 CJS, p 224, supports the theory that under circumstances of the character involved in the case at bar an owner of property may not justify his refusal to accept an offer submitted to him by a real estate broker, under a listing agreement entitling such broker to a commission if he complies therewith, for any reason or reasons other than as stated at the time of the refusal. Such decisions are clearly not in accord with the position that this Court has heretofore taken. In *Sharrar* v. *Nestle, supra,* it was said with reference to an argument of the character in question:

"We have already said enough in relation to the failure to make the reservations mentioned in the listing contract. It was no part of the duty of defendant to show the plaintiffs wherein they had failed to comply with the listing contract, but it was the duty of the plaintiffs to show they had complied with the conditions before they were entitled to their commission. *Hannan* v. *Fisher,* 82 Mich 208; *Gannon* v. *Stansfield,* 216 Mich 440, and the cases cited therein."

See, also, *Koffman* v. *Pack,* 224 Mich 102. We think it must be said that the authorities on which appellant relies are not in accord with prior decisions of this Court.

The case of *Jepsen* v. *Marohn,* 22 SD 593 (119 NW 988, 21 LRA NS 935), is analogous on the facts to *Sharrar* v. *Nestle, supra.* It was there held that a real estate broker was not entitled to recover a commission by producing a buyer ready, willing, and able to pay for the property in cash, the listing

agreement signed by the owners authorizing a sale for a certain amount down with the remainder in annual instalments with interest. In reaching such conclusion it was said, in part:

"The plaintiff was only authorized to sell the property upon the terms specified, and until he should find such a purchaser ready, willing, and able to comply with those terms he was not entitled to any commission. No such purchaser was produced by the plaintiff, but it appears from the evidence that he did produce a purchaser who was willing to take the property at the price of $4,200, specified in the contract, but only ready to take the property and pay therefor in cash. As to such a purchaser the minds of the parties had never met. The defendants may have been willing to dispose of the property upon the terms specified in the contract, *viz.*, $2,200 cash and the balance in 1 and 2 years at 10% interest; but they might not have been willing to make any contract authorizing the plaintiff to sell the property for $4,200 in cash. Hence they were not bound to give any reasons for their refusal to accept a purchaser on terms entirely different from those proposed by them in their contract. The learned circuit court seems to have adopted the erroneous theory that if the defendants refused to accept the money and refused to accept the contract proposed to them by the plaintiff, at the time of the tender, they were estopped from denying that they made such a contract because they failed to give as the reason for not accepting the tender that the amount tendered was in cash and not in accordance with the terms of the contract. This position was clearly untenable, and the fact that the defendant Marohn stated 'it wasn't enough' is not in our view of the case material. The contract, as will be seen, was executed by the defendants and the plaintiff and kept by the plaintiff, and he knew therefore what the terms on which he was authorized to make the sale were, and he is presumed to know that until those terms were complied with he had no right to make a tender of any other sum

or in any other manner than that specified in the contract, unless the terms of the contract were changed by the consent of the defendants.

"There was no question of estoppel involved in this case; the only question being as to whether or not the plaintiff had produced a purchaser ready, willing, and able to comply with the terms of the contract. Clearly he produced no such purchaser, but sought to substitute an entirely different contract from that he was authorized to make, which latter substitute was not accepted by the defendants."

As before pointed out, plaintiff's right to recover was based in its declaration and in its proofs on the theory that it had performed the contract, and, hence, was entitled to the specified commission. The reasons alleged for the taking of the appeal do not specifically set forth any claim that the defendants were precluded from asserting on the trial failure on the part of the plaintiff to procure and submit an offer in accordance with the listing agreement. Neither does it appear from the record that the claim that is now sought to be advanced in this Court was in any way called to the attention of the trial judge. There was, in consequence, no specific determination by him with reference to the matter now urged in plaintiff's behalf. Without reference to the merits of the issue, we think that the attempt to raise it in this Court comes too late. In *Coates* v. *Coates*, 327 Mich 444, which was an action to foreclose a lien, it was said:

"Defendants Meeks claim that the recordation in miscellaneous records does not constitute constructive notice. This question was not raised by the pleadings or argued or considered by the trial court in its opinion. Under such circumstances we do not consider the question raised in this Court for the first time on appeal."

See, also, *Kellom* v. *City of Ecorse,* 329 Mich 303, 309, in which defendant sought to raise, by argument in its brief on appeal to this Court, the defense of nonliability based on the exercise of an alleged governmental function. In denying the right to have such issue determined, it was said:

"The question was not raised in the trial court and will not be considered here."

In view of the conclusions reached on the questions above considered, it becomes unnecessary to discuss incidental issues raised by counsel. We find no reversible error and the judgment entered in the trial court is affirmed, with costs to defendants.

DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

NORTH, C. J., did not sit.