Kleven, d/b/a Kleven Agency, Respondent, v. Cities Service Oil Company, Appellant.*

*January 9—February 4, 1964.*

* Motion for rehearing denied, with $25 costs, on March 31, 1964.

438

439

For the appellant there was a brief and oral argument by *Frank W. Auer* of Eau Claire.

For the respondent there was a brief and oral argument by *Robert W. Dernbach* of Eau Claire.

CURRIE, C. J.    The issue on this appeal is whether a real-estate broker, who has submitted an offer to purchase to his

principal, which is in substantial variance with the terms of sale set forth in the listing contract, is entitled to recover his broker's commission where the principal in rejecting the offer gives no reason therefor other than a desire not to sell.[1]

We do not deem that there is before us the issue of which of the variances between the offer to purchase and the listing contract are substantial or whether all of such individual discrepancies taken together constitute a substantial variance. This is because of the finding of fact that there were material variations between the listing contract and the offer to purchase that were not brought into harmony by the testimony, which finding both parties have accepted without challenge on the appeal.

The trial court determined that the instant case was controlled by *Moss v. Warns* (1944), 245 Wis. 587, 15 N. W. (2d) 786, 156 A. L. R. 598. There the principals in the listing contract were the defendants, Mr. and Mrs. Warns. The broker, Moss, presented an offer to purchase which Mr. Warns rejected. The only reason given by him to the broker for this rejection was, "we decided not to sell. Mrs. Warns would not consent to it." Later, when the broker sued for his commission, defendants Warns interposed the defense of there being variances between the offer and the listing contract. These variances are not set forth in the opinion, but are to be found at pages 14 and 15 of appellants Warns' brief. The two variances asserted to be most material were: (1) Under the listing contract the purchaser was to purchase subject to

---

[1] Restatement, 1 Contracts, p. 449, sec. 304, lays down the general principle that failure to give a reason for rejecting a defective performance of a condition or promise of a contract, or the giving of an insufficient reason, are immaterial. However, Wisconsin Annotations, Restatement, 1 Contracts (1933), p. 190, sec. 304, states, "No cases have been found relating to the effect of failure to give any reason for rejection of performance. Where an insufficient reason for rejection is given, the Wisconsin cases seem not to be in accord with the Restatement." This is then followed by annotations of Wisconsin cases which support the quoted stated conclusion.

an existing mortgage with a possibility that the mortgagee might not accept payment, while the offer to purchase did not provide for the sale being made subject to such mortgage; and (2) the offer to purchase limited the remedy of the sellers, in case the purchaser defaulted, to retention of the $250 down payment as liquidated damages while the listing contract did not restrict the remedy the sellers might employ in case of default. This court held that defendants Warns had waived their right to later assert variances between the offer to purchase and the listing contract, as a defense to the broker's action for commission, by refusing the offer on the sole ground that they had decided not to sell.

In its opinion in *Moss v. Warns, supra,* the court stated that the applicable general rule was that set forth in 12 C. J. S., Brokers, p. 224, sec. 95, to wit (p. 591) :

" 'Regardless of whether the principal, at the time of his refusal to consummate the transaction, states some grounds or no grounds for such refusal, a particular ground not specified by him at that time is waived and cannot be urged by him when sued for a commission.' "

The court concluded its opinion with these words (p. 592) :

". . . the general rule stated in 12 C. J. S. p. 224, sec. 95, is clearly applicable and controlling herein. It follows, that even if there were discrepancies of such nature as to be substantially at variance with terms in the listing agreement, they must be considered waived because Warns' refusal to consider the offer was based on solely another ground."

In view of the foregoing, the trial court in the instant case held that it was entirely immaterial that the variances here were substantial, and that Cities Service must be held to have waived such variances as a ground for its refusal to pay Kleven a broker's commission. The problem which confronts this court now is whether we are to adhere to what

was stated in *Moss v. Warns, supra,* which would result in affirmance of the judgment, or whether to recede therefrom by modifying the rule deemed controlling therein.

*Moss v. Warns* is the subject of an annotation in 156 A. L. R. 602, entitled, "Failure, when refusing offer to purchase land, to state ground therefor as affecting right to assert such ground in defense of broker's action for compensation." This annotation states the applicable general rule to be (p. 602) :

"As a general rule, where a landowner who has listed property for sale with a real-estate broker refuses to accept an offer *which is substantially in accordance with the listing,* he cannot afterwards defend the broker's action for compensation on a ground not specified when rejecting the offer." (Italics supplied.)

In the recent case of *Lathrop v. Gauger* (1954), 127 Cal. App. (2d) 754, 274 Pac. (2d) 730, defendant owner had entered into a listing contract with plaintiff broker for the sale of an apartment building for $85,000. The broker during the term of the listing submitted an offer to purchase for $85,000 and the defendant owner voiced no objections to any provision in the offer but asserted categorically that she would not sell for $85,000. Later, among the grounds asserted to defeat the plaintiff broker's action for commission, was the inclusion of a provision for the furnishing by defendant of a termite clearance while the listing contract was silent with respect to that. The court held that the offer was substantially in accord with the listing contract, and declared (127 Cal. App. (2d) p. 767, 274 Pac. (2d) p. 738) :

"The general rule, in this state and elsewhere, is that where a broker has produced a purchaser in substantial compliance with the terms of a listing, and the owner does not object to the terms of the proposed purchase or the details of performance but states as the reason for his refusal his unwillingness to sell, he may not shift his position, when

sued for a commission, and defend upon objections to details that the broker might have supplied or corrected if they had been pointed out by the owner."

The following quotation from Anno. 156 A. L. R. 602, 614, illustrates one type of variance which is not deemed substantial when applying the aforestated general rule:

"Frequently where property is given to a broker for sale there are many minor details concerning the closing of the deal or similar matters which are not specified in the listing of the property or in the offer to purchase. These include the time to be allowed for the title search and passing of papers, the furnishing of an abstract of title, the time and place for passing the papers and making the payment, and the time for change of possession. It is generally held that a landowner cannot defend a broker's action for commissions on the ground that the offer contained provisions of that sort which were not contained in the listing agreement, or that the agreement was silent whereas the listing mentioned such matters, where the landowner did not specify such objections when rejecting the offer."

The reason for holding the owner liable for the broker's commission, where he refuses an offer to purchase submitted by the broker which contains a variance from the listing contract that is not substantial without mentioning this variance as a ground for the refusal, is that fair dealing on the owner's part requires that he point out such variance so that the broker may be afforded an opportunity of correcting it. However, where the variance is a substantial one, such as one that is directly in conflict with a material provision of the listing contract, there has been no substantial performance by the broker which would entitle him to his commission, absent acceptance of the offer by the owner. The broker is chargeable with knowledge that such substantial variance exists when he submits the offer, and, therefore, the owner should be under no duty to point this variance out to the broker in rejecting the offer.

Upon the most-careful consideration of the problem we are satisfied that, both with respect to the law which prevails in other jurisdictions, and our own analysis of what the law should be, that the rule of *Moss v. Warns, supra,* should be confined to variances which are not substantial, and we so determine. This requires that the instant judgment be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

FAIRCHILD, J., dissents.

* Motion for rehearing denied with $25 costs, on March 31, 1964.